By the Court.
 

 On September 15, 1928, the relator filed in this court an original action in
 
 quo war
 
 
 *309
 

 ranto
 
 asking for a judgment of ouster against the respondent, and an induction of the relator into office. The petition in
 
 quo warranto
 
 alleged that the respondent was “wrongfully holding said office and exercising the powers, functions and prerogatives thereof.”
 

 Section 12303, General Code, authorizes an action in
 
 quo warranto
 
 against a person “who usurps, intrudes into, or unlawfully holds or exercises, a public office.”
 

 This action is brought by the relator in his private relation. Such being the case, in order to maintain his action, the relator “must show not only that he is entitled to the public office, but also that the identical office is unlawfully held and exercised by another.”
 
 State, ex rel. Heer,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, at 432, 111 N. E., 279, 280;
 
 State, ex rel. Symons,
 
 v.
 
 Rice,
 
 96 Ohio St., 574, 117 N. E., 893.
 

 The relator’s petition, conforming to the statute and the foregoing decisions, alleges that the respondent “has been and is now unlawfully and wrongfully holding said office' and exercising the powers, functions and prerogatives thereof.” Notwithstanding said allegation that the respondent is holding and exercising the powers of the office in controversy, the record of this court, of which we take judicial notice, discloses the fact to be otherwise. At the time this petition in
 
 quo warranto
 
 was filed, there was .pending in this court an action between the same parties involving the possession of this office; our records disclose that in that action, which was in mandamus, the respondent secured favorable judgments for the possession of the office in the lower courts, but that later this court stayed
 
 *310
 
 such judgments until further order, or the final determination by this court. Such being the case it appears that, by the orders of this court, respondent is not in possession of the office, and could not therefore exercise its functions.
 

 This action in
 
 quo warranto
 
 is prematurely 'brought, and the motion to dismiss it will be sustained.
 

 Motion sustained.
 

 Marshall, C. J., Day, Kinkade, Robinson and Jones, JJ., concur.
 

 Allen, J., not participating.