Williams, J.
 

 Since the general demurrer to the answer searches the record and raises the question of the sufficiency of both the amended petition and the answer, the well pleaded allegations are admitted by the demurrer to be true for the purpose of determining the adequacy of each pleading.
 

 The question is: Is the relator, Hiram C. Bolsinger, Jr., on the face of the pleadings entitled to a writ of
 
 quo toarranto
 
 to restore him to the office of president of council now filled by the respondent, James Oridge1?
 

 The relator claims that, having become president of the council on December 1, 1937, by virtue of Section 4274, General Code, for the unexpired term ending December 31, 1937, he is entitled to hold over until his successor is elected and qualified, against the respondent James Oridge, the present incumbent, who bases his claim upon an alleged appointment by Amos L. Eyler, mayor of the city.
 

 A private relator cannot test the title of an incumbent to a public office in an action in
 
 quo warranto;
 
 as a consequence the relator, if he prevails, must do so on the strength of his own title to the particular office.
 
 Klick
 
 v.
 
 Snavely,
 
 119 Ohio St., 308, 164 N. E., 233, and
 
 State, ex rel. Herr,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, 111 N. E., 279. If the relator does not show title in himself, he must fail regardless of the rights of the respondent.
 

 Section 4274, General Code, provides: “In case of the death, resignation or removal of the mayor, the president of council shall become the mayor, and serve
 
 *213
 
 for the unexpired term, and until the successor is elected and qualified. Thereupon the president pro tern of council shall become president thereof, and shall have the same rights, duties and powers as his predecessor. The vacancy thus created in council shall be filled as other vacancies, and council shall elect another president pro tern.”
 

 When Roudebush resigned as mayor of Norwood to become judge of the Court of Common Pleas of Hamilton county, Eyler became mayor and Bolsinger became president of city council by operation of law.
 

 Under the provisions of Section 4272, General Code, the president of council is elected for a term of two years commencing January 1, after his election and serves until his successor is elected and qualified. Had Eyler retained his position as president of council his then term would have expired December 31, 1937.
 

 When Bolsinger became president of council, he had the “same rights, duties and powers” as Eyler would have had had he retained the presidency of council.
 

 The relator contends that since the president of council under Section 4272, General Code, serves until his successor is elected and qualified, and the president pro tern of council, who succeeds to the presidency by virtue of Section 4274, has the same rights as his predecessor, he, the relator, is likewise entitled to serve until his successor is elected and qualified, and that it is not necessary to invoke Sections 8 and 10, General Code, to determine the right of succession.
 

 In discussing the question, the Court of Appeals said: “That raises the question of whether the title to the office is included within the meaning of the word ‘rights’ in Section 4274, General Code, or whether the ‘rights’ referred to result from the fact that the incumbent has title. We are of the opinion that the
 
 *214
 
 latter construction is the correct one. The title and tenure arise as a result of the application of the law to the facts and antedate the ‘rights, duties, and powers’ resulting from incumbency of the office.”
 

 The interpretation of this section by the Court of Appeals must be accepted as basically sound. It is therefore necessary to construe Sections 8 and 10, General Code.
 

 Section 10 has no application for the reason that it applies only in those instances in which an elective office becomes vacant and is filled by appointment, and Bolsinger held the position of president of council not by appointment but by operation of law.
 

 Section 8, however, deserves more careful scrutiny. It provides: “A person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the Constitution or laws.”
 

 It is to be observed that
 
 State, ex rel. Kopp,
 
 v.
 
 Blackburn,
 
 132 Ohio St., 421, 8
 
 N.
 
 E. (2d), 434,
 
 State, ex rel. Gahl,
 
 v.
 
 Lutz, Jr.,
 
 132 Ohio St., 466, 9 N. E. (2d), 288, and
 
 State, ex rel. Haff,
 
 v.
 
 Pask,
 
 126 Ohio St., 633, 186 N. E., 809, are not helpful in reaching a correct solution of our problem. This court is of the opinion that there is no reported decision in this state that is decisive of the instant case.
 

 The purpose of Section 8, General Code, is to insure that all lawful incumbents of public office shall hold over and thus avoid a hiatus between the end of the term and the qualification of the newly appointed or elected incumbent. It applies to all public offices or positions of public trust, except where there is a provision in the Constitution o.r statute to the contrary. By its provisions, the term of the person holding the office or public trust ends as soon as the term of service of a duly elected or appointed and qualified successor begins.
 

 Since there is no other provision governing the situ
 
 *215
 
 ation here, Section 8, General Code, applies. Dne, however, to the peculiar facts in the instant case, the relator ceased to hold the office with the close of the day on December 31, 1937. Roudebush had not indicated whether he would continue as judge of the Court of Common Pleas or qualify as mayor for the term beginning January 1, 1938. Eyler, though serving as mayor for the unexpired term ending December 31,
 

 1937, and until the election and qualification of his successor, by virtue of Section 4274, General Code, had been elected and had even qualified as president of the council for the term beginning January 1, 1938. With the commencement of the new term of the president of the council on that- date, Eyler had the right to that position, having done nothing to surrender it, but he could refuse to assume that office and elect to continue in the office of mayor provided Roudebush did not qualify for the place.
 

 When the term of Bolsinger expired at the close of the last day of December, 1937, the term of Eyler began and continued during the first day of January,
 

 1938, until the -moment he abandoned the office, assumed the office of mayor and in the- latter capacity undertook to appoint the respondent, James Oridge, to the position of president of the council.
 

 The relator did not hold over because Eyler, the duly elected and qualified successor, became the incumbent. The fact that he later abandoned the office for the mayoralty did not restore relator’s right to the place.
 

 The amended petition is demurrable and the answer thereto states facts which show relator is not entitled to the office. Therefore the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.