By the Court.
 

 Section 12, Article VIII of the Constitution provides:
 

 “So l'ong as this state shall have public.works which require superintendence, a Superintendent of Public Works shall be appointed by the Governor for the term of one year, writh the powers and duties, now exercised by the Board of Public Works until otherwise provided by law, and with such other powers as may be provided by law.” It is to be noted that the Constitution specifically authorizes the General Assembly to place other powers on such Superintendent of Public Works.
 

 Section 404, General Code, provides:
 

 “There shall be a Superintendent of Public Works of Ohio, who shall be a practical civil engineer and shall be appointed by the Governor and shall hold his office for a term of one year from date' of appointment and until his successor is duly qualified.”
 

 Section 154-3, General Code, provides in part as follows:
 

 “The following administrative departments are
 
 created-. *
 
 * *
 

 “The Department of Public Works, which shall be administered by the Superintendent of Public Works as director thereof; * * * .” (Italics ours.)-
 

 Section 154-4, General Code, provides':
 

 “Each director whose office is created by Section 154-3 of the General Code shall be appointed by the Governor by and with the advice and consent of the .'Senate, and shall hold his office during the pleasure ■of the Governor; except the Director of Health who ■shall be appointed by the Governor, by and with the advice and consent of the Senate, * * V’
 

 It has been the practice since the enactment of the
 
 *527
 
 administrative code, 109 OMo Laws, 105, to co-ordinate the functions of the state government under the direction of the Governor.
 

 Section 154-21, General Code, enacted 109 Ohio Laws, 110, and still in effect, provides:
 

 “Under the direction of the Governor, the directors of departments shall devise a practical and working basis for co-operation and co-ordination of work and for the elimination of duplication and overlapping functions. They shall, so far as practicable, co-operate with each other in the employment of services and the use of quarters and equipment. The director of any department may empower or require an employee of another department, subject to the consent of the superior officer of the employee, to perform any duty which he might require of his own subordinates.”
 

 Section 154-23, General Code, as enacted in 109 Ohio Laws, 105, 110, and still in effect, provides:
 

 “Whenever power is vested in any of the departments created by this chapter, or in any other state department, board or commission, to inspect, examine, secure data or information, or to procure assistance from another department, office or institution, a duty is hereby imposed upon the department, office or institution, upon which demand is made, whether created by this chapter or otherwise, to make such power effective.”
 

 By the amendment of Section 154-3, General Code, in 112 Ohio Laws, 478, the Department of Highways was created and separated from the Department of Public Works.
 

 Section 154-40, General Code, provides in part:
 

 “The Department of Public Works shall have all the powers and perform all the duties vested by law in the Superintendent of Public Works, the State Building Commission and the State Geologist. Wherever powers are conferred or duties imposed upon
 
 *528
 
 such department, offices or officers, such powers and duties shall, except as herein provided, be construed as vested in the Department of Public Works.
 

 “In addition to the powers so transferred to it, the Department of Public Works shall have the following powers: * * * . ”
 

 It is significant that in the original enactment of Section 154-3, General Code, and in the amendments thereof while the designation of various departments other than the Director of Public Works is followed "'by the words “hereby created,” such was not the case’ in the description of the Department of Public Works. This omission of “hereby created” is a recognition, which in practical effect is a declaration, that one and the same person shall serve as the Director of Public Works and the Superintendent of Public Works.
 

 It has long been the practice for the Governor to commission the appointee to be Director of Public Works. The statute, Section 154-3, General Code, specifies that the Superintendent of Public Works shall be the Director. The import of the appointment by whatever name called in the .commission is the Superintendent of Public Works.
 

 The Governor’s deposition shows clearly that he appointed defendant Raschig as Superintendent of Public Works.
 

 Former Governor Lausche in his deposition testified as follows:
 

 “Q. Under what authority did you make that appointment? A. Well, it is my understanding that there was the post of Director of Public Works. I •appointed him to continue exercising the functions and powers that were incident to the office which he held in the administration preceding me. It was my purpose to have him in charge of public works and to per
 
 *529
 
 form those functions that were vested in that office by law.
 

 “Q. You were acting, then, under the authority vested in you by the Constitution of the state of Ohio and in pursuance to the provisions of the statutes? A. I was acting pursuant to the powers vested in me by law, which would embrace the Constitution and the statutes. * * *
 

 ' “A. I expected him [Baschig] to perform the functions as the man in charge of public works of the state of Ohio.”
 

 We are of the opinion that the respondent Baschig was appointed by Governor Lausche as Superintendent of Public Works to administer the Department of Public Works. Many thousands of dollars have been spent by the Department of Public Works under appropriations made to that department and no question until now has ever been raised as to the validity of those acts or as to the authority of Baschig or his predecessors to perform them.
 

 We are of, the opinion that the Governor had no power to make an appointment of a Superintendent of Public Works for a term'of either less than or more than one year.
 

 We are of the opinion that the respondent Prank L. Baschig is entitled to hold the office to which he was appointed on July 22, 1946, for a term of one year commencing on said date and that there was no vacancy in the office of Superintendent of Public Works on January 11, 1947.
 

 It is to be observed that Section 404, General Code, provides that the term shall be one year from the date of his appointment and until his successor is duly qualified.
 

 Section 27 of Article II of the Constitution provides in part:
 

 
 *530
 
 “The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this Constitution, or the Constitution of the United States, shall be made in such manner as may be directed by law; * * * .”
 

 The Constitution does not’ prescribe the beginning date of the term. However, this is provided for in Section 404, General Code, set out above.
 

 In the case of
 
 State, ex rel. Heer,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, 111 N. E., 279, it was held:
 

 “In order that a private relator may be entitled to maintain an action in
 
 quo ■ warranto
 
 under Section 12307, General Code,-to recover a public office, he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action.” See, also,
 
 Klick
 
 v.
 
 Snavely,
 
 119 Ohio St., 308, 164 N. E., 233.
 

 Therefore, relator’s petition should be and hereby is dismissed.
 

 Judgment for respondent.
 

 ‘Weygandt,! C. J., Turner, Matthias, Hart and Bell, JJ., concur.
 

 Zimmerman and Sohngen, JJ., dissent.