*585
 
 Matthias, J.
 

 The question presented in each of these cases is identical. That question is: Do the provisions of Section 20 of Article II of the Constitution of Ohio preclude payment of an increase of salary of an appointee officer, which increase is authorized by statute effective prior to such officer’s appointment, where the salary-increase statute and the appointment of such officer became effective subsequent to the time prescribed by statute for the expiration of the term to which such officer had previously been appointed, and where the officer so appointed occupied such office at the time the salary increase became effective by virtue of holding over beyond the time fixed by statute for the expiration of the term of office to which he had previously been appointed, no successor having been appointed thereto?
 

 The question, stated more concisely, is: Does the inhibition of a change of salary of a public officer, contained in Section 20 of Article II of the state Constitution, apply to an officer appointed to succeed himself to fill a partially expired statutory term where the increase in the salary was authorized by statute enacted prior to such appointment and during the time such person was holding over in the office under an appointment thereto for the preceding statutory term?
 

 Section 20 of Article II of the Constitution of Ohio reads as follows:
 

 “The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the ■compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
 

 The controversy in each of these cases turns upon the meaning of the words, •“during, his existing term,” as used in the above constitutional provision. The
 
 *586
 
 relator in each case contends that the expression,
 
 “Ms
 
 existing term,” is personal and relates to the officer appointed and applies strictly to the term for which the officer is appointed and not to the term of. office as designated by the General Assembly. Under the theory of the relators, increases in salary, which take effect before they are. appointed to, and qualified for, the offices, do not come within the inhibition of the constitutional provision, for the reason that the law, providing the increases, became effective prior to
 
 “Ms
 
 existing term.”
 

 The respondent contends that an officer, appointed, after the period designated as the statutory term has 'begun, to serve out a portion of the period designated as the statutory term, has a tenure within the term, .and that such an increase in salary is within the inhibition of the constitutional provision because it occurred during the period designated as the statutory term of office, a portion of which the officer had been appointed to serve.
 

 Under the interpretation and application of the language of the constitutional provision contended for by the respondent, the relators would not be entitled to receive the increases of compensation provided for even if their appointments had been made to fill vacancies of other persons in respective positions who had continued in office past the date for the expiration of the period prescribed by the statute as the term of office. This is conceded by counsel for the respondent.
 

 With reference to the effective date of the statute increasing the salary of each of such appointees, when did the appointee begin
 
 “Ms existing
 
 term?” The respondent has cited cases from other jurisdictions which sustain his position, as hereinbefore set forth, and, if this were a question of first impression in this court, those authorities would be quite persuasive."
 

 Section 1464-6, Géneral Code, authorizes the appointment of the Tax Commissioner of Ohio by the
 
 *587
 
 Governor for a term of four years “commencing on the day following the second Monday in February in the year 1943 and in each fourth year thereafter.” It provides further that ‘ ‘ an appointment to fill a vacancy shall be for the remainder of the term in which the vacancy occurs.”
 

 It is to be observed that a term of the Tax Commissioner of Ohio expired on the second Monday in February 1947. No appointment was then made and relator Tax Commissioner continued in office, and it was not until June 30, 1947, that he was reappointed.
 

 Section 8, General Code, provides as follows:
 

 “A person holding an office or public trust shall continue therein until his successor' is elected or appointed and qualified, unless otherwise provided in thq Constitution or laws.”
 

 Pursuant to that provision relator continued in the performance of his duties under his original appointment. See
 
 State, ex rel.,
 
 v.
 
 Howe,
 
 25 Ohio St., 588, the first paragraph of the syllabus of which is as follows:
 

 “Where an officer appointed by’ the Governor, by and with the advice and consent of the Senate, is authorized by law to hold his office for a term of three years, and until his successor is appointed and qualified, and no appointment of a successor is made by the regular appointing power at the expiration of his term of three years, the office does not become vacant; but the incumbent holds over as a
 
 de jure
 
 officer until his successor is duly.appointed and qualified.”
 

 It clearly follows that, unless otherwise expressly provided, the time of holding over by .an elected or appointed officer is a continuation of the old term and not a part of a new term.
 

 In
 
 State, ex rel. Bolsinger,
 
 v.
 
 Oridge,
 
 134 Ohio St., 206, 16 N. E. (2d), 334, the following pertinent state
 
 *588
 
 ment of Judge Williams, writing tire opinion for the court, appears on page 214:
 

 “The purpose of Section 8, General Code, is to insure that all lawful incumbents of public office shall hold over and thus avoid a hiatus between the end of the term and the qualification of the newly appointed or elected incumbent. It applies to all public offices on-positions of public trust, except where there is a provision in the Constitution or statute, to the contrary. ' By its provisions,
 
 the term of the person holding the office or public trust ends as soon as the term of service of a duly elected or appointed and qualified' successor begins.”
 
 (Emphasis supplied.)
 

 See, also,
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Bryson,
 
 44 Ohio St., 457, where the same principle was applied.
 

 It was held in the case of
 
 State, ex rel.,
 
 v.
 
 Raine, Aud.,
 
 49 Ohio St., 580, as follows:
 

 “A_ statute, whatever terms it may employ, the only effect of which is to increase the salary attached to-a public office, contravenes Section 20, of Article II,, of the Constitution of this state,
 
 in so far as it may affect the salary of an incumbent of the office during■ the term he was serving when the statute was enacted.”
 
 (Emphasis supplied.)
 

 What has been said above as to the Tax Commissioner has like application to a member of the Public-Utilities Commission.
 

 The incumbency of the appointee in question in-each of these cases, at the time the statute in question was enacted and became effective, was as a holdover from a preceding statutory term of office, and, therefore, the increase provided for was not enacted during the term for which he seeks the benefit of the increased compensation. The appointment for that term, “his existing term,” was made subsequently to the effective-, date of the salary-increasing statute. The amended
 
 *589
 
 statute did not become effective
 
 “during his existing term.”
 
 The constitutional provision would of course inhibit the payment of any increase in salary prior to the beginning of the new term for which appointment was made in each instance, but the enactment of such statute and its effective date having been prior to the' beginning of the new term, the appointee in each case is entitled to such increase in salary.
 

 This court has heretofore considered and decided a question of similar import.
 

 Section 20 of Article II and Section 14 of Article IV of the state Constitution are similarly phrased. The latter provision, which applies to -members of the judiciary, has heretofore been construed by this court.
 

 In the case of
 
 Zangerle, County Aud.,
 
 v.
 
 State, ex rel. Stanton, Pros. Atty.,
 
 105 Ohio St., 650, it was held that a judge who served a term of office which began subsequent to the enactment of a statute increasing the salary of such office was entitled to the increase of salary therein provided, although his election was for the remaihder of an unexpired statutory term during which a statute providing an increase in the salary had been enacted. The record discloses that the judge involved in that case had been elected for two years of an unexpired term. The term of office of the predecessor of such judge had commenced prior to the effective date of the statute providing an increase of salary but .the election for the unexpired term occurred subsequent thereto. Therefore, clearly, the question presented, and necessarily decided, was whether the phrase, “his existing term,” had reference to the period which constituted the statutory term of office or the period which the judge was elected to serve.
 

 This court held in that case that the service and term of office of the judge, elected for the two-year
 
 *590
 
 unexpired term, having begun subsequent to the passage of the statute providing for the increase of salary, that he was entitled to such increase, and, therefore, that the phrase, “his existing term,” means the term being served by. the officer and not the period constituting the statutory term. The policy indicated has been long continued in this state as disclosed by the opinions of various attorneys general.
 

 Holding that the words, “his existing term,” apply to the term being served by the officer in question and not to the period constituting the statutory term, we conclude that the writ of mandamus should be issued in favor of the appointee in each case. However, we direct attention to the fact that in cause No. 31221 the petition alleges that “Relator further says that said supplemental pay-roll vouchers were submitted to cover an increase in salary for the members of the Public Utilities Commission effective under the provisions of Amended Senate Bill No. 196 * * *.” No claim is made in regard to the salary of any member of the Public Utilities Commission, other than Harry M. Miller. The decision in caúse No. 31221 is limited to the claim made on behalf of member Harry M. Miller.
 

 Writs allowed.
 

 Weygandt, C. J., Turner, Hart and Stewart, JJ., concur.
 

 Sohngen and Zimmerman, JJ., dissent.