Per Curiam.

Petitioner’s basic contention in this case is that he was deprived of his constitutional rights in that his court-appointed counsel was a county judge in the Adams County Court, a court of record, and was prohibited from practicing law by Section 4705.01, Revised Code, which prohibits judges of courts of record from so doing. The attorney general, on the other hand, points out that a county judge, under the provisions of Section 1907.081, Revised Code, is disqualified from practicing law only as to matters pending or originating in said County Court during his term of office.
It is unnecessary in this case to determine the right of a county judge to engage in the practice of law.
There is no claim that the counsel appointed to represent petitioner did not competently represent him during the trial. Petitioner bases his argument on the statutory prohibition. The counsel appointed to represent petitioner was a duly li *409 censed attorney at law, and the fact that because of his official position the statute may have barred him from engaging in the active practice of law does not relate to his competency as an attorney nor does it render petitioner’s conviction void. See Berry v. Gray, Warden (Ky.), 299 S. W. (2d), 124; People v. Sardo, 15 Misc. (2d), 69, 178 N. Y. Supp. (2d), 691; and United States v. Bradford, 238 F. (2d), 395.
Next, petitioner urges that even if such attorney was not prevented from practicing law generally he was disqualified in this case because the case originated in his court. Counsel was appointed as county judge to fill a vacancy created by the death of the incumbent county judge. Petitioner’s preliminary hearing was held before such deceased judge. Section 1907.081, Revised Code, disqualifies a county judge “as to matters pending or originating in said County Court during his term of office.” Clearly, the General Assembly’s prohibition was directed at preventing an attorney from participating in an action in which he had acted in a judicial capacity. As the phrase, ‘ ‘ during his term of office,” is used in the statute, it clearly relates to that period during which the attorney is actually performing duties as a judge, in other words, during his incumbency as a judge. It does not relate to a prior period when another is the judge of the same court, even though such prior incumbent was serving during the same technical term of office. Zangerle, Aud., v. State, ex rel. Stanton, Pros. Atty., 105 Ohio St., 650; and State, ex rel. Glander, Tax Commr., v. Ferguson, Aud., 148 Ohio St., 581.
During the course of his hearing in this action, petitioner stated that the counsel was appointed to represent his codefendants and not petitioner. The journal entry of appointment of counsel indicates that counsel was appointed to represent all three defendants. Irrespective of this, however, petitioner accepted the services of such counsel so he cannot at this late date urge that such counsel did not represent him.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.