*468
 
 Day, J.
 

 Relator contends that George A. Lntz, Sr., had no legal right to unqualify himself, once having qualified; that the board of county commissioners had no power to consent to the cancellation of the bond, once it was approved, accepted and filed; that the act of unqualification was illegal and void; that the vacancy in the new term did not therefore occur until after January 4, 1937; and that, consequently, the second appointment of George A. Lutz, Jr., for the term commencing on January 4, 1937, was invalid.
 

 Consideration of these contentions is not neces'sary for the determination of the controlling question in this case, which is whether an appointee to the office of sheriff to fill a vacancy caused by the resignation of his predecessor can be displaced by a subsequent appointee. If a vacancy in the old term of sheriff occurred, and if it was properly' filled by appointment, the appointee has the legal right to serve during the unexpired term of his predecessor and until his successor is elected and qualified.
 

 George A. Lutz, Sr., created a vacancy in his old term by resignation. This vacancy was filled by appointment of respondent. One duly appointed to fill a vacancy in a public office created by resignation holds the office for and during the unexpired term of his predecessor and until his successor is elected and qualified.
 
 State, ex rel. Haff,
 
 v.
 
 Pask,
 
 126 Ohio St., 633, 186 N. E., 809;
 
 State, ex rel. Sheets, Atty. Genl.,
 
 v.
 
 Speidel,
 
 62 Ohio St., 156, 56 N. E., 871;
 
 State, ex rel. Kopp,
 
 v.
 
 Blackburn, ante,
 
 421.
 

 Section 10, General Code, provides: “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. * *
 

 That an appointee incumbent cannot be displaced by another appointee was made clear by this court in
 
 State, ex rel. Kopp,
 
 v.
 
 Blackburn, supra.
 
 Judge Myers, speaking for the court, at page 428, said: “ * * *
 
 *469
 
 a person elected to office serves until his successor is elected or appointed and qualified, while an appointee continues to hold over until his successor is elected and qualified.”
 

 Relator contends, however, that respondent did not take office in the old termK but that he took office two days following the commencement of the new term, and bases' this contention upon the fact that respondent received his commission from the Governor on January 6, 1937. Relator argues that respondent is not, therefore, a holdover incumbent; that the “old” board of county commissioners had no right to make a prospective appointment to commence after its own term expired; that a vacancy in the new term can only be filled by the “new’’/board of county commissioners.
 

 Initially, let us make clear that there is no new or old board of county commissioners. The board of county, commissioners is a continuous body with a periodic change in its personnel. The board remains the same notwithstanding the change in its personnel.
 

 The appointment of respondent was not to a prospective vacancy but to one which had an actual present existence at the time of appointment. The board had a clear, legal right to fill that vacancy. This they did by appointing respondent.
 

 We will consider now the contention that respondent is not a holdover incumbent by reason of the fact that the Governor’s commission did not issue until January 6, 1937, namely, two days after the new term commenced. Relator argues that even though respondent was appointed to fill a vacancy in the old term, the fact that he did not receive his commission until two days after the new terfa commenced prevented him from becoming sheriff in the old term and consequently cannot be said to have held over into the new term. In support of this contention relator refers us to Section 138, General Code, which provides:
 

 
 *470
 
 “A judge of a court of record, state officer, county officer, militia officer and justice of the peace, shall he ineligible to perform any duty pertaining to his office, until he presents to the proper officer or authority a legal certificate of his election or appointment, and receives from the governor a commission to fill such office. ’ ’
 

 It is an established principle of law that except in cases where the Governor is both the appointing authority and the issuer of commissions, the commission is not itself an appointment but merely formal evidence of an appointment.
 
 State, ex rel. Loomis,
 
 v.
 
 Moffitt,
 
 5 Ohio, 358;
 
 State, ex rel.,
 
 v.
 
 Brennan,
 
 49 Ohio St., 33, 29 N. E., 593; Mechem, Public Offices and Officers, page 8, Section 12. The governor’s commission does not vest title but merely evidences the vesting of title. Title to a public office is vested by appointment. The investiture of title operates from the date of appointment and qualification, and not from the date of receipt of the evidence of appointment. The receipt of a commission is no part of the act of qualification. It is not an act, the performance of which is by statute imposed upon the appointee. Nor is it by law made a part of the act of appointment. The issuance of a commission to a sheriff is an act which can be performed neither by the appointee nor by the appointing authority, nor is it an act over the performance of which either has control.
 

 The appointment is complete before the commission is issued. The appointee’s act of qualification is likewise complete before receipt of the commission. By the act of appointment title.is vested. By the act of qualification the investiture of title is' accepted by the appointee. Nothing further remains to be done either by the appointing authority or by the appointee. Investiture and acceptance of title give appointee a complete present right to the office which cannot be defeated by failure, refusal or neglect of the Governor
 
 *471
 
 to issue a commission. Nor is this present right converted into a future right by virtue of Section 138, General Code. The provisions of that section of the code merely postpone the date upon which the appointee may enter upon the performance of the duties of his' office. Where one, eligible to hold public office, is appointed to fill a vacancy in the office of sheriff for the unexpired term and until his successor is elected and qualified, and where the governor’s commission is received by the appointee- after the unexpired term has terminated, such appointee will be deemed to hold the office from the date of appointment and qualification, and not from the date of the receipt of the commission. Consequently, notwithstanding the fact that the commission was received two days after the new term commenced, and notwithstanding the fact that under Section 138, General Code, respondent was ineligible to enter upon the performance of the duties of his office, he became vested with the title to the office on January 2nd, and was by virtue thereof the lawful incumbent to the office, with the right to hold over into the new term and to serve until his successor is elected and qualified. Relator, not having been elected to the office, is not the lawful successor thereto and cannot displace respondent. The power of appointment, once exercised, is exhausted until a new vacancy occurs.
 

 “Where power has been given to appoint to an office and the same has been exercised, any subsequent appointment to the same office will be void unless the prior incumbent has been removed or the office has otherwise become vacant.” Mechem, Public Offices' and Officers, Section 113, page 46.
 

 The pleadings disclose that respondent received his second appointment on January 2, 1937, for the term of office commencing January 4, 1937. Since, under the principles above announced, the respondent has the right to hold over into the new term and to serve
 
 *472
 
 until his successor is elected and qualified, the second appointment was' wholly superfluous. The first appointment, being- valid, the second appointment is a nullity and its legality is no longer an issue.
 

 Ouster denied.
 

 Weygandt, C. J., Jones, Matthias, Zimmerman, Williams and Myers, JJ., concur.