CITY OF PARMA ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CITY OF CLEVELAND ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as Parma *v.* Cleveland (1984), 9 Ohio St. 3d 109.]

(No. 83-438—Decided February 1, 1984.)

*Mr. Andrew Boyko,* director of law, and *Mr. Steven P. Bond,* for appellants and cross-appellees.

*Mr. John D. Maddox,* director of law, *Ms. Marilyn G. Zack* and *Mr. Richard F. Horvath,* for appellees and cross-appellants.

*Mr. Patrick R. Rocco,* director of law, and *Mr. Henry B. Fischer,* urging affirmance for *amicus curiae,* city of Euclid.

*Per Curiam.* The present controversy centers around the uncertainty which exists with reference to the overall area included within the regional sewer district. Resolution of the issue depends upon interpretation of the district's charter itself. For the reasons which follow, we reverse the judgment of the court of appeals.

R.C. 6119.02(E) requires that a petition seeking to create a regional sewer district contain "* * * an accurate description * * * of the territory to be organized as a district * * *."[1] The suburbs contend, and the trial court so concluded, that the description contained in Section 6(a) of the charter is sufficient to satisfy this statutory requirement. It states as follows:

"The District will initially include all political subdivisions in Cuyahoga County, Ohio, presently served by Cleveland's waste water treatment facilities and those presently planned to be served, i.e. the municipalities to be served by the Cuyahoga Valley Interceptor and the branch of the Heights Express Interceptor to serve Richmond Heights and Highland Heights. A more detailed description of such area is attached hereto and made a part hereof and marked Exhibit E 'A(1)'."

The city submits that Exhibit "A(1)" contains the only statutorily adequate description of the territory to be included within the district. We disagree.

The trial court interpreted the district's charter as contemplating a county-wide solution to the area's sewage problems. Specifically, the court concluded that Section 6 of the district's charter fully and clearly expressed the intention that the district have county-wide authority and, as such, satisfied the descriptive requirement of R.C. 6119.02(E). Since the trial judge in the instant case was the same jurist who presided over the creation of the sewer district in 1972, his interpretation is entitled to a high degree of deference. It is not within the province of a reviewing court to second-guess what, in essence, appears to be no more than a clarification of the trial court's own prior judgment. Under these circumstances, the trial court was in a far better position to evaluate what the parties intended to agree upon than was any appellate court.[2]

In its cross-appeal, the city contends that the trial court lacked subject-matter jurisdiction to determine the present action for declaratory and injunctive relief. It is the city's position that, inasmuch as the instant suit purports to challenge an appointee's right to hold office, the only proper vehicle by which to resolve the question is a *quo warranto* action instituted in the

---

[1] R.C. 6119.02(E) requires that a petition seeking to create a regional sewer district contain "[a] general description of the territory to be included in the district which need not be given by metes and bounds or by legal subdivisions, but it is sufficient if an accurate description is given of the territory to be organized as a district * * *."

[2] The conclusion made by the court of appeals that Exhibit "A(1)" contained the only statutorily adequate description of the territory to be included within the district does not coincide with the trial judge's recollection as to why that exhibit was drafted in the first place. In its opinion, the trial court explained the original purpose of the exhibit as follows:

"The areas so delineated and specified were the areas that were then being served by Cleveland, and it was the sewer users in said areas whose accounts were to be almost immediately transferred from the City of Cleveland to the [Cleveland Regional Sewer District]. It was felt that specific mention should be made of those particular areas so as to eliminate any question as to the responsibilities of the users therein being transferred from Cleveland to the * * * [sewer district].* * *"

Supreme Court or court of appeals. We reject this argument, finding that the present action only incidentally relates to an appointee who had yet to be determined.

It is well-settled that *quo warranto* is employed to test the actual right to an office. *State, ex rel. Berry,* v. *Tackett* (1979), 60 Ohio St. 2d 12 [14 O.O.3d 162]; *State, ex rel. Smith,* v. *Ocasek* (1976), 46 Ohio St. 2d 200, 202 [75 O.O.2d 237]. However before a party is entitled to maintain an action in *quo warranto,* he must not only show his own right to the office but also establish that another is actually holding office. See *State, ex rel. Mikus,* v. *Chapla* (1965), 1 Ohio St. 2d 174 [30 O.O. 2d 526]; *State, ex rel. Heer,* v. *Butterfield* (1915), 92 Ohio St. 428, paragraph one of the syllabus. *Quo warranto* does not lie where no one has actually assumed office. See *Klick* v. *Snavely* (1928), 119 Ohio St. 308, in which a *quo warranto* action was dismissed as premature, where the respondent was not in possession of the office involved.

Appointment to the seat at issue had been effectively enjoined before any vacancy occurred. Thus the instant action cannot be characterized as one which seeks to oust a specific individual from office. It is, rather, an action to determine which of two appointing authorities has the lawful right to fill a seat and to enjoin interference with that right. The fact that these proceedings commenced before any appointment was made effectively precludes the application of *quo warranto.*

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and LOCHER, JJ., dissent.

LOCHER, J., dissenting. In giving full deference to the trial judge in this matter, the majority has ignored the clear reading of the sewer district charter and applicable case law. Accordingly, I dissent.

Absent its consent, a municipality may not be included within a public utility district created pursuant to R.C. Chapter 6119. *Seven Hills* v. *Cleveland* (1980), 1 Ohio App. 3d 84. In *Seven Hills,* the Court of Appeals for Cuyahoga County held that the city of Cleveland could not be lawfully included in a regional water district without its consent. The *Seven Hills* case follows the long-established home rule right of municipalities in the state of Ohio.

R.C. Chapter 6119 reflects this requirement that regional water or sewer districts be comprised only of consenting municipalities. R.C. 6119.02 re-

quires the legislative authorization of each member subdivision or municipality during the district organization phase. Further, any municipality wishing to be included within an already existing district must file a written application with that district pursuant to R.C. 6119.05.

In this case, Exhibit A(1) to Section 6 of the district charter lists those municipalities and villages which have voluntarily submitted to inclusion. This is the only writing that can legally constitute the make-up of the sewer district.

The Court of Common Pleas of Cuyahoga County recognized this in 1979 when it approved a modification of Exhibit A(1) to add four new municipalities or villages which had applied for inclusion pursuant to R.C. 6119.05. Section 6 of the charter was *not* modified in 1979. Further, three of the four 1979 entrants are located in Summit County. Since Section 6 speaks only of "* * * political subdivisions in *Cuyahoga County* * * *" (emphasis added), the importance of the more detailed listing in Exhibit A(1) is amply illustrated.

In asserting that Section 6 itself accurately defines the district, the majority chooses to ignore Judge Jackson's statement in the appellate court that Section 6 "is practically a tautology; the Sewer District is defined as the political subdivisions presently served by or presently planned to be served by the Sewer District." The only document giving definitional guidance is Exhibit A(1).

The majority's decision comes very close to mandating a violation of Section 4, Article XVIII of the Ohio Constitution, which gives each municipality full power to decide how it will provide utility service to its residents. *State, ex rel. McCann,* v. *Defiance* (1958), 167 Ohio St. 313 [4 O.O.2d 369]; *Lucas* v. *Lucas Local School Dist.* (1982), 2 Ohio St. 3d 13. In this court, an *amicus curiae* brief has been filed by the city of Euclid urging a finding for Cleveland on the basis of non-consent. Euclid is being serviced elsewhere, and now is to be included in a district it has no need or desire to be in.

Adequately served communities such as Euclid have a paramount home rule right to provide for themselves and escape an all-intrusive, swollen governmental entity which seeks to engulf them. They have taxed themselves to provide, in most cases, a superior treatment facility and their only wish now is to be left alone. The alternative proposed by the majority is to lessen the status of Euclid and the other non-consenters to the lowest common denominator of treatment.

Since the total 1980 population of the municipalities and villages listed in Exhibit A(1) is less than the 1980 population of the city of Cleveland, I would award the disputed seat to Cleveland.

W. BROWN, J., concurs in the foregoing dissenting opinion.