HOLCOMB, PROS. ATTY., APPELLEE, ET AL., *v.* SCHLICHTER ET AL., APPELLANTS.

(No. CA85-11-138 — Decided November 24, 1986.)

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for appellee.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Thomas W. Baden,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

This is an appeal by defendants-appellants, Oscar F. Schlichter and others, from a decision which enjoined appellants from using their property for the disposal of household and commercial garbage, or other putrescible substances.

On June 7, 1984, plaintiff-appellee, John F. Holcomb, the Butler County Prosecuting Attorney, and nine other

residents of Butler County,[1] brought a declaratory judgment and permanent injunction action against appellants. Plaintiffs' suit alleged appellants have operated a landfill on Hamilton-Cleves Road for seventeen years where all types of refuse have been and are still being dumped. Plaintiffs further alleged appellants originally obtained a permit in 1966 to use the property in question as an industrial waste landfill, but that in a 1971 Butler County Common Pleas Court case styled *Cecere* v. *Schlichter,* case No. 87557, unreported, appellants' use of the property as a landfill was limited by a permanent injunction to disposal only of non-contaminating or non-polluting refuse, thereby forbidding appellants from accepting ordinary refuse, garbage or similar substances.

In spite of this permanent injunction, the complaint states appellants continued to accept waste including paint, paint thinner, solvents, and petroleum products, as well as household garbage from the city of Hamilton. By accepting these substances, plaintiffs alleged, appellants have violated the 1971 injunction, and endangered an underground aquifer providing water to area residents and business which, if not enjoined, would result in such water's contamination or pollution. Accordingly, plaintiffs asked the court to declare that appellants' acceptance of garbage and toxic materials was illegal, and that the 1971 injunction remains valid and unaffected by the outcome of a private lawsuit brought by appellants' neighbors which attempted, unsuccessfully, to recover damages or have the dump closed as a nuisance.[2]

On March 18, 1985, the trial court herein issued an opinion in which it found, *inter alia,* that any claims about illegal dumping activities at the Schlichter landfill should be filed with the Ohio Environmental Protection Agency for administrative hearings pursuant to R.C. 3745.08 and R.C. Chapter 3734. Additionally, the court found the 1971 injunction's limitations on the forms of fill which appellants might accept were still viable and constituted a limitation on the types of waste appellants might accept irrespective of the result of the action brought by appellants' neighbors, which arguably expanded the types of substances appellants could accept at their landfill.

Dissatisfied with the trial court's

---

[1] The nine citizens joining Holcomb as plaintiffs in this lawsuit held some kind of political office. However, none of the nine brought suit in his official capacity, individually or jointly.

[2] The record reflects that on March 26, 1971, appellants' neighbors filed an action styled *Duerstock* v. *Schlichter,* case No. 87765, claiming Schlichter's operation was violating Ohio law due to the types of waste he was accepting and that his unlawful waste acceptance was polluting these plaintiffs' wells. Plaintiffs' each sought damages and an injunction.

This case was resolved on May 10, 1974 by a consent decree between the parties. This consent decree provided, *inter alia,* that plaintiffs would release their damage claims, and Schlichter would abide by the 1971 decree in the prior zoning board case and the Fairfield Township Board of Zoning Appeals' finding of May 19, 1972 allowing Schlichter to accept non-contaminating or non-polluting refuse and waste to fill his land.

Schlichter further agreed in the consent decree not to accept fill composed of industrial waste constituting poisons or pollutants, human waste, and any other deleterious matter which could be considered a pollutant, except for putrescible substances which were still allowed to be dumped by the 1971 decree and the Fairfield Township Board of Zoning Appeals' finding.

opinion, appellants filed a motion for reconsideration in which they emphasized the trial court's failure to address their questions about Holcomb's and the other nine plaintiffs' lack of standing and questioned the court's opinion in light of the General Assembly's creation of the Ohio Environmental Protection Agency and the enactment of a statewide solid waste disposal law.

On October 22, 1985, the trial court filed its final order sustaining appellants' objection to the standing of the nine plaintiffs who joined in the bringing of the instant action as residents/public officials, but overruled appellants' standing objection with respect to appellee, John F. Holcomb, the Butler County Prosecuting Attorney, finding Holcomb was authorized by R.C. 309.09 and 519.24 to bring this action. Having determined one plaintiff had standing to sue, the court entered judgment in accordance with its earlier opinion and enjoined appellants from using their property for the disposal of household and commercial garbage, and other putrescible substances. Appellants appealed.

In their brief before this court appellants assign three errors:

"The trial court erred to the prejudice of defendants-appellants in holding that defendants-appellants are prohibited from using their property for the disposal of household and commercial garbage or other putrescible substances."

"The court erred in failing to dismiss the action because plaintiff-appellee is not the real party in interest."

"The trial court erred in holding that the 1974 judgment was binding only on the parties to the action."

We will address these assignments of error out of order because of their substance.

For their second assignment of error, appellants allege the trial court erred in finding appellee John F. Holcomb was a proper party to bring this action because he is a real party in interest.

In support of their second assignment of error, appellants argue R.C. Chapters 3745 and 3734 provide the only manner in which a violation of Ohio's solid waste disposal laws may be prosecuted, and that neither was followed here. Appellants also claim the trial court's reliance on R.C. 309.09 and 519.24 as a basis for appellee's standing is misplaced in that R.C. 309.09 is merely a statute designating the prosecuting attorney the county government's legal advisor and empowering him to bring suit when county officials direct one be brought or defend them when they are named defendants in a suit. Appellants claim county officials did not direct that this suit be brought. Similarly, appellants claim R.C. 519.24 is inapplicable here because the complaint *sub judice* seeks only to resolve the inconsistency between two judgments regarding permissible landfill substances at appellant's site and is not brought in the name of either party-plaintiff in the prior proceedings.

Appellee concedes his standing to sue is statutory in origin. However, he claims he has standing under R.C. 309.09, 2721.02 and 2721.03, which pertain to the bases upon which declaratory judgment relief is available. Finally, appellee claims standing based upon R.C. 3734.10, which provides a prosecuting attorney may bring an action to enforce violations of R.C. Chapter 3734 upon the request of the local board of health.

In order to evaluate appellee's standing it is necessary to closely scrutinize the complaint herein and the allegations set forth therein upon which appellee claims to be entitled to relief. In order to have standing to sue,

appellee must demonstrate more than an abstract question of law but also a stake in the outcome of the proceedings. *Socialist Labor Party* v. *Gilligan* (1972), 406 U.S. 583, 63 O.O. 2d 68.

The trial court found appellee had standing to sue appellants based on R.C. 309.09 and 519.24. To these two sections we turn first.

R.C. 309.09 declares the county prosecuting attorney to be the legal adviser to county officials and boards, as well as township officers, and empowers him to file actions at the direction of county officials and boards. It is interesting and significant to note that while nine other plaintiffs besides appellee joined him in his complaint, all of whom hold some form of township public office, no official request to bring an action is alleged in the complaint to have been made by any of these officials. Since neither the complaint nor the record contains any type of official request or direction for the prosecuting attorney to seek a clarification of appellants' disposal rights, this action cannot be treated as being brought under the guise of R.C. 309.09.

The trial court also found appellee to have standing to sue based on R.C. 519.24. That section permits a county prosecuting attorney to bring an action for injunctive relief based upon a violation of township zoning laws enacted pursuant to R.C. 519.01 to 519.99, inclusive. However, an examination of appellee's complaint in the case *sub judice* discloses no mention of the existence of any township zoning law, nor any violation of one. Instead, appellee's complaint alleges a violation of a prior permanent injunction in an action brought by Anthony P. Cecere, the Butler County Zoning Administrator. An examination of the complaint in the *Cecere* case discloses

the zoning resolution sought to be enforced there was one enacted by the Butler County Board of Commissioners, not a township zoning body. This being the case, we conclude the instant action was brought to enforce a prior permanent injunction order arising from a county, not a township, zoning dispute. Since an action brought to enforce a prior permanent injunction granted in a county zoning case is not within the purview of R.C. 519.24 (because the statute contemplates an action based on activities covered under R.C. 519.01 to 519.99, inclusive), R.C. 519.24 is not a proper statute to grant appellee standing in the instant case.

Aside from the standing basis set forth by the trial court, appellee claims to have standing based on R.C. 2721.02 and 2721.03. However, we find these two statutes inapplicable because they represent legislative grants of jurisdiction to Ohio courts under certain circumstances to hear and decide declaratory judgment actions. That declaratory relief is an available remedy is a separate question from one's standing to file such an action.

Finally, appellee claims to have standing based on R.C. 3734.10. While we agree with appellee that, under certain circumstances, he may bring an action in his capacity as prosecuting attorney for injunctive relief under R.C. 3734.10, we find the necessary statutory condition precedent to such an action to be missing here. In order to bring an action under R.C. 3734.10 either the board of health, the legislative authority in the political subdivision where a violation of R.C. Chapter 3734 has occurred, or the Director of Environmental Protection must request the prosecuting attorney to bring an action to prevent and/or en-

join that violation. No such request is alleged in the complaint, or contained in the record. Accordingly, appellee does not have standing under R.C. 3734.10 to bring this action based on the complaint and record before us.

For all of the above reasons, we conclude appellee was without standing to bring the instant action based on the record before us. The second assignment of error is therefore sustained.

Because appellee was without standing to bring this action, the trial court should have dismissed the case before issuing a final judgment on the merits, or its judgment should have been one dismissing the action for lack of standing on the part of the plaintiff (appellee herein). In light of this observation, we find resolving assignments of error one and three would be merely advisory and inappropriate. Accordingly, we hold resolution of assignments of error one and three unnecessary for the disposition of the case *sub judice.* The judgment of the trial court is reversed, and pursuant to App. R. 12(B), the case is dismissed without prejudice.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is dismissed.

*Judgment reversed and cause dismissed.*

JONES, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth District, sitting by assignment.