STEINIGER ET AL., APPELLEES, *v.*
BOARD OF COMMISSIONERS OF
BUTLER COUNTY, APPELLANT.

(No. CA89-02-017—Decided
November 13, 1989.)

*Baden, Jones & Scheper Co., L.P.A.,* and *David H. Landis,* for appellees.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for appellant.

*Per Curiam.* This is an appeal from the judgment of the Butler County Court of Common Pleas granting the application of plaintiffs-appellees, Miriam Steiniger, Patty Thomas and Linda Ade-Ridder, and enjoining defendant-appellant, Board of Commissioners of Butler County ("board"), from removing appellees from positions on the Butler County Children Services Board ("CSB").

On June 30, 1988, the board

adopted Resolution No. 88-6-484 and appointed appellees to positions on the CSB commencing January 1, 1989. However, on December 22, 1988, the board adopted Resolution No. 88-12-1832, which amended Resolution No. 88-6-484 and declared vacant the positions to which appellees had been appointed. On December 29, 1988, appellees filed a complaint and requested the trial court to enjoin the board from removing them prior to the end of their appointed terms and from appointing other persons to their respective positions on the CSB. The trial court concluded that the appointments were effective on June 30, 1988 and that appellees could only be removed thereafter for just cause pursuant to R.C. 5153.08. Accordingly, the court found the amending resolution to be null and void and granted a permanent injunction. After the court refused to reconsider its decision, the board perfected the instant appeal and assigned error as follows:

Assignment of Error No. 1:

"The trial court erred by granting a permanent injunction in favor of appellees and against the appellants."

Assignment of Error No. 2:

"The trial court erred in finding that appellees have standing to ask the court to require the commissioners to reappoint them to the Children Services Board."

We will address the board's assignments of error in their logical sequence and consider them in reverse order.

In its second assignment of error, the board asserts that appellees lack standing to maintain the action for injunctive relief because they had neither a property right nor a vested interest in their membership on the CSB. This argument, however, confuses the concept of standing with the requirements for maintaining a procedural due process claim.

The underlying nature of appellees' claim is that they were removed from their positions without procedural due process. In order to prevail on such a claim, appellees would have to show that the board's action deprived them of a liberty or property interest. *Perry* v. *Sindermann* (1972), 408 U.S. 593, 599; *Bd. of Regents of State Colleges* v. *Roth* (1972), 408 U.S. 564, 569. The question of standing, however, depends not upon the ability of the complaining party to establish such a deprivation, but upon whether the party has alleged "such a 'personal stake in the outcome of the controversy,' * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context * * *'. * * *'" (Citations omitted.) *Sierra Club* v. *Morton* (1972), 405 U.S. 727, 732. See, also, *Holcomb* v. *Schlichter* (1986), 34 Ohio App. 3d 161, 163-164, 517 N.E. 2d 1001, 1004-1005. Appellees clearly have a personal stake in the outcome of the proceedings — they wish to retain their positions on the CSB. Accordingly, we find that appellees possess the requisite standing to sue. The second assignment of error is overruled.

The board's first assignment of error challenges the trial court's judgment granting a permanent injunction in favor of appellees. The board claims that an injunction was improper because appellees had an available remedy at law, a suit in *quo warranto*. This argument is without merit.

*Quo warranto* is a proper action to test the actual right to an office. *Parma* v. *Cleveland* (1984), 9 Ohio St. 3d 109, 112, 9 OBR 336, 338, 459 N.E. 2d 528, 531. "However before a party is entitled to maintain an action in *quo warranto,* he must not only show his own right to the office but also establish that another is actually holding office. * * * *Quo warranto* does not lie where no one has actually assumed office. * * *'" *Id.* In the case at bar, the amending resolution declared the positions in question vacant. As the posi-

tions were vacant, *quo warranto* was not available to appellees.

The board also argues that an injunction was improper because it would interfere with the board's inherent legislative power to reconsider and amend a prior resolution which had not yet taken effect. Appellees argue, on the other hand, that their appointments took effect on the date Resolution No. 88-6-484 was passed and that they could not thereafter be removed prior to the expiration of their respective terms without just cause pursuant to R.C. 5153.08.

In appointing appellees to the CSB, the board was acting in a legislative capacity. See *DeWoody* v. *Underwood* (1940), 66 Ohio App. 367, 370, 34 Ohio Law Abs. 53, 54, 20 O.O. 243, 245, 34 N.E. 2d 263, 264-265. It is well-settled that an administrative body such as the board has inherent authority to reconsider its own legislative decisions. *Moraine* v. *Montgomery Cty. Bd. of Commrs.* (1981), 67 Ohio St. 2d 139, 141, 21 O.O. 3d 88, 89, 423 N.E. 2d 184, 186. As the Supreme Court stated in *State, ex rel. Cleveland Trinidad Paving Co.,* v. *Bd. of Public Service of Columbus* (1909), 81 Ohio St. 218, 224-225, 90 N.E. 389, 391:

"* * * That rule, well settled by numerous adjudications, is to the effect that the action of such bodies respecting legislative or administrative matters is not always conclusive and beyond recall, but that they are possessed of inherent power to reconsider their action in matters of that nature, and adopt if need be the opposite course in all cases where no vested right of others has intervened, the power to thus act being a continuing power. * * *"

Thus, the board's action would be proper unless some vested right of appellees intervened prior to the reconsideration.

Appellees argue that they had a vested title to their respective positions on the CSB on the date of the original appointment. In support of this argument, appellees rely upon *State, ex rel. Gahl,* v. *Lutz* (1937), 132 Ohio St. 466, 470, 8 O.O. 413, 414, 9 N.E. 2d 288, 290, in which the Supreme Court stated:

"* * * Title to a public office is vested by appointment. The investiture of title operates from the date of appointment and qualification, and not from the date of receipt of the evidence of appointment. * * *".

A similar holding is found in *DeWoody, supra,* at 370, 34 Ohio Law Abs. at 54, 20 O.O. at 245, 34 N.E. 2d at 264, where the Summit County Court of Appeals noted that "[t]he general rule established by the weight of authority is that an appointment once made and received by the appointee is irrevocable and not subject to reconsideration. * * *"

*State, ex rel. Gahl,* and *DeWoody* are distinguishable from the case *sub judice.* In each of these cases the court held that title to public office vests upon appointment *and* acceptance or qualification. In *DeWoody,* the court indicated that an appointee "* * * accepts the appointment and qualifies for the position by taking the oath of office and entering upon the discharge of the duties thereof * * *." *Id.* at 371, 34 Ohio Law Abs. at 55, 20 O.O. at 245, 34 N.E. 2d at 265. Here, none of the appellees had taken the oath of office or entered upon the discharge of the duties of the particular positions at issue prior to the amending resolution. The respective terms for these positions were not to commence until January 1, 1989. Consequently, appellees had no vested title to the positions and the board was free to reconsider its previous action. *Moraine, supra; State, ex rel. Cleveland Trinidad Paving Co., supra.* The first assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.