Plaintiffs-appellants, Donald Conley and Milton Hopkins, appeal a decision of the Brown County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Brown County Rural Water Association, Inc. ("BCRWA").[1]
BCRWA is a nonprofit corporation located in Georgetown, Ohio, whose principal business is to supply potable water to its members. Appellants are members of BCRWA who, on March 28, 1997, ran for election to the office of trustee against incumbent trustees Worthington and Richey. Both Worthington and Richey were re-elected as trustees.
On April 15, 1997, appellants filed a complaint in the trial court against appellees which alleged in relevant part that:
 6. Prior to the said annual meeting votes for the election of trustees were solicited by means of proxies by plaintiffs and defendants and those acting on their behalf.
 7. Approximately 767 of the proxies solicited by the plaintiffs and presented at the annual meeting by them were illegally declared to be invalid by the defendant, Brown County Rural Water Association, Inc.
 8. Many of these proxies were in fact valid and should have been counted in the election for the office of trustee.
 9. Of the proxies presented in favor of the defendants, Betty Richey and Gene Worthington, many contained signatures of members of the association who did not, in fact, sign the proxy and constitute altered or invalid proxies. These signatures were, in fact, placed upon the proxies by individuals acting on behalf of the defendant, Brown County Rural Water Association, Inc.
 10. Of the proxies presented in favor of the defendants, Betty Richey and Gene Worthington, many contain dates which were changed after the signature of the member was placed upon the proxies by individuals acting on behalf of the defendant, Brown County Rural Water Association, Inc. This change in the date altered the proxies making them invalid and further changed the priority of the proxies with respect to other proxies from the same members.
 11. Of the proxies presented in favor of the defendants, Betty Richey and Gene Worthington, many were illegally solicited by the defendant, Brown County Rural Water Association, Inc. These proxies were solicited on a regular basis when members came in to the office of the defendant, Brown County Rural Water Association, to pay their water bills.
 12. The by-laws of the defendant, Brown County Rural Water Association, merely provide for the solicitation of proxies by that defendant through a mailing with a notice of the annual meeting and do not provide that proxies may be solicited in any other way by that defendant.
 13. The total votes cast for the election of trustees at the annual meeting of the defendant, Brown county Rural Water Association, on March 28, 1997, amounted to 4674.
 14. Of that amount the ballots cast for the plaintiffs amounted to 2220; of that amount the ballots cast for the defendants, Betty Richey and Gene Worthington, amount to 2454.
 15. If only 235 of the proxies presented by the plaintiffs, Donald Conley and Milton Hopkins, were not illegally declared invalid, or if only 235 of the proxies presented on behalf of the defendants, Betty Rickey and Gene Worthington, altered as to signature or date were declared invalid, or if only 235 of the proxies presented on behalf of the defendants, Betty Richey and Gene Worthington, which were illegally solicited were declared invalid, or a combination thereof, the plaintiffs, Donald Conley and Milton Hopkins would have been successful in being elected to the office of trustee of the defendant, Brown County Rural Water Association.
 16. If the defendants, Betty Richey and Gene Worthington, are allowed to remain and act as trustees of the defendant, Brown County Rural Water Association, and if the defendant, Jack Palmer, is allowed to or would destroy, transfer, or otherwise dispose of the ballots and the proxies, now in his possession with respect to the election for trustees, held on March 28, 1997, plaintiffs would suffer irreparable harm and have no adequate remedy at law.
The complaint sought a judgment (1) declaring the election of Worthington and Richey to be invalid and declaring that appellants be properly elected as trustees of BCRWA; (2) ordering a new election; (3) restraining Worthington and Richey from acting as trustees of BCRWA during the pendency of appellants' action; and (4) restraining Jack Palmer from destroying, altering or disposing of the ballots or the proxies from the March 28, 1997 election.
On March 10, 1998, appellees filed a motion to dismiss and/or motion for summary judgment on the ground, inter alia, that the trial court was without jurisdiction inasmuch as appellants' complaint, while seeking injunctive and restraining relief, was really an action in quo warranto. On March 13, 1998, appellants filed a motion for leave to file an amended complaint. Appellants' motion stated in relevant part that:
 The initial Complaint contained one cause of action. At that time, it was the understanding of the plaintiffs that there existed five seats on the Board of Trustees of the defendant, Brown County Rural Water Association, two of which were up for election on March 28, 1997.
 It is [sic] subsequently become known to the plaintiffs that, in fact, at the time of the election on March 28, 1997, there were nine seats on the Board of Trustees. Therefore, at the time of the election instead of two seats being open there were six seats open.
 Even assume [sic] all election irregularities would be resolved in favor of the defendants, the plaintiffs, Donald Conley and Milton Hopkins, were at the very least, the third and fourth largest vote getters in the election in which six seats were open.
An amended complaint attached to appellant's motion added the following second cause of action:
 17. Plaintiff [sic] reallege the allegations contained in paragraphs 1 through 16 above [of the first cause of action as set forth in appellants' original complaint] as if fully rewritten herein.
 18. At the time of the election for trustees on March 28, 1997, the Board of Trustees of the defendant, Brown County Rural Water Association, Inc. consisted of nine seats. At that time only five seats were filled.
 19. At the time of the election on March 28, 1997, two of the trustees were up for election and additionally four seats were vacant.
 20. Only four individuals ran for election to the Board of Trustees with respect to an election held on March 28, 1997. All four such individuals were qualified to be elected to the Board of Trustees.
 21. Since the plaintiffs were at the very least the third and fourth largest vote getters at the election on March 28, 1997, they should have been seated as trustees on the board of the defendant, Brown County Rural Water Association, Inc.
 22. Even though plaintiffs were properly elected as trustees to the Board of Trustees of the defendant, Brown County Rural Water Association, Inc., the defendants herein have refused to allow them to sit as trustees.
In addition to the relief sought in the original complaint, the amended complaint also sought an order from the trial court declaring that appellants were properly elected as trustees on March 28, 1997 and that they should be permitted to act as trustees of BCRWA.
A hearing on appellants' motion for leave to file an amended complaint, appellees' motion to dismiss, and various other motions filed by appellants was conducted on March 20, 1998. By judgment entry filed March 25, 1998, the trial court granted appellees' motion to dismiss and dismissed appellants' original and amended complaints. The trial court found that appellants' action, as set forth in both complaints, was "quo warranto by its own terms and nature" and thus that it was "without jurisdiction to hear and determine [appellants'] existing Complaint, as well as [appellants'] proposed Amended Complaint[.]" This timely appeal followed.
In their sole assignment of error, appellants argue that the trial court erred in granting appellees' motion to dismiss based upon its finding that it was without jurisdiction to hear appellants' complaints. Specifically, appellants first contend that there is an overlap with regard to the trial court's jurisdiction over their first cause of action (as set forth in their original complaint) between quo warranto and declaratory judgment and that as a result, the trial court has jurisdiction to entertain their first cause of action. Appellants also contend that because more than two seats were vacant at the time of the election, their second cause of action (as set forth in their amended complaint) did not seek to oust Worthington and Richey from their office but merely sought to have appellants seated in the office to which they were elected. As a result, quo warranto did not apply.
The Ohio Constitution vests courts of appeals with original jurisdiction for quo warranto actions. Section 3, Article IV, Ohio Constitution. It gives the Supreme Court of Ohio concurrent original jurisdiction for such actions and appellate jurisdiction to review decisions by the courts of appeals in such cases. Id. at Section 2. It is well-established that common pleas courts never have jurisdiction to consider quo warranto actions. R.C.2733.03.
It is also well-established that quo warranto is the exclusive proceeding to test the actual right to an office. Beasley v. East Cleveland (1984), 20 Ohio App.3d 370, 373, citing State ex rel. Maxwell v. Schneider (1921), 103 Ohio St. 492. See, also, Parma v. Cleveland (1984), 9 Ohio St.3d 109. "However before a party is entitled to maintain an action in quo warranto, he must not only show his own right to the office but also establish that another is actually holding office. * * * Quo warranto does not lie where no one has actually assumed office." (Emphasis sic.) Parma at 112; Steiniger v. Bd. of Commrs. of Butler Cty. (1989),60 Ohio App.3d 122. In other words, "[t]he remedy afforded by quo warranto is a judgment of ouster, and a judgment of ouster can be pronounced in no other proceeding." (Emphasis sic.) Ohio Hosp. Assn. v. Community Mut. Ins. (1987), 31 Ohio St.3d 215, 218.
In its judgment entry, the trial court found that appellants' "thrust is to determine their right to seat on the Board of Trustees, involving a disputed election. If the Plaintiffs are to prevail, the alleged irregularities in the March 28, 1997 election must be proven, the Defendants Worthington and Richey would be ousted, and the Plaintiffs * * * would be installed in their places. This is quo warranto by its own terms and nature."
After thoroughly reviewing appellants' first cause of action as set forth in both complaints, we agree with the trial court that the core of the relief sought by appellants in the first cause of action is to set aside the election and to oust Worthington and Richey in order to take their place as trustees. While phrased as a declaratory and injunctive relief action, appellants' first cause of action is really a quo warranto action in nature which should have been filed in a court of appeals. We thus find that the trial court properly concluded it did not have jurisdiction to consider such cause of action.
We do find, however, that the trial court erroneously concluded it did not have jurisdiction to consider appellants' second cause of action as set forth in their amended complaint. We note that in its analysis of the second cause of action, the trial court first stated that "[e]ven assuming arguendo that there were six vacancies instead of two at the time of the * * * election, it is apparent that no one knew this at the time. * * * To now say that the plaintiffs * * * should receive these seats, when no one knew they were voting for any such seats, stretches the bounds of reasonableness * * * [and] is tantamount to `election by default' or something akin thereto." (Emphasis sic.) The trial court then went on to analyze appellants' second cause of action as a quo warranto action seeking the trial court's determination of "the legal rights of an officer or trustee of a corporation to hold that office."
A reading of the trial court's judgment entry clearly shows that appellants' second cause of action and amended complaint were dismissed on quo warranto grounds. However, "[q]uo warranto does not lie where no one has actually assumed office." (Emphasis sic.) Parma, 9 Ohio St.3d at 112. In the case at bar, it apparently became known to the parties after the election that at the time of the election, in addition to the two incumbent seats up for reelection, four other seats were vacant. As four seats were vacant, appellants' second cause of action cannot be characterized as one which seeks to oust a specific individual from office. Quo warranto therefore did not lie and the trial court erred in finding it did not have jurisdiction to consider appellants' second cause of action.
We therefore find that the trial court properly dismissed appellants' original and amended complaints with regard to appellants' first cause of action but erred in dismissing appellants' amended complaint with regard to appellants' second cause of action. Accordingly, we overrule in part and sustain in part appellants' sole assignment of error, affirm in part and reverse in part the judgment of the trial court, and remand this cause for further proceedings not inconsistent with this opinion.
POWELL, P.J., and WALSH, J., concur.
[1] Additional defendants-appellees are Jack Palmer and BCRWA's trustees, namely: Gene Worthington, Betty Richey, Arthur Rau, Chester Charles, and Flora Prather. All of the foregoing parties, including BCRWA, will be referred as a group as appellees. However, when necessary, Worthington and Richey will be referred to by their last names, while BCRWA will be referred to as such.