[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is an original action in quo warranto filed by relator David Schulz to bar respondent Robert McCloskey from assuming the position of at-large member of the Toledo City Council or ousting him from that position if he is sworn in to take that position.
 {¶ 2} In his complaint, Schulz alleges that on November 8, 2005, respondent was elected by the electors of Toledo, Ohio, to the position of at-large council member of the Toledo City Council but that his election is void and illegal in that it is in violation of the term limits provision of the Toledo City Charter. Specifically, relator alleges that respondent has won election to three four-year terms as the District 3 council member, and that had he chosen to serve out his current term through 2007, he would have accrued the total of 3 consecutive terms and 12 years on council authorized by the Charter. Respondent, however, chose to abandon the remaining two years of this third term and seek election to a fourth four-year term, this time as an at-large council member. Schulz alleges that by this most recent election, respondent has violated or is about to violate the term limits provisions of the Toledo City Charter.
 {¶ 3} Respondent has filed an answer and affirmative defenses in which he asserts in pertinent part that relator's complaint fails to state a claim upon which relief can be granted. Respondent therefore asks that the complaint be dismissed. R.C.2733.01 provides that "[a] civil action in quo warranto may be brought in the name of the state: (A) Against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state[.]" Pursuant to R.C. 2733.06, the person claiming to be entitled to the public office unlawfully held by another may bring an action in quo warranto by himself or through an attorney upon giving security for costs. The Supreme Court of Ohio, however, has expressly held that "[t]o prevail under R.C.2733.06, a relator must show (1) that the office is being unlawfully held and exercised by the respondent, and (2) that relator is entitled to the office." State ex rel. Delph v. Barr
(1989), 44 Ohio St.3d 77, syllabus.
 {¶ 4} On the face of relator's complaint, it is clear that Schulz is not entitled to the office of at-large council member. Rather, Schulz alleges that he is a resident and elector of the city of Toledo and is eligible to hold office as an at-large member of council by virtue of having been a candidate therefore in the municipal election of November 8, 2005. Accordingly, Schulz does not have standing to bring an action in quo warranto. Moreover, because "[q]uo warranto does not lie where no one has actually assumed office," Parma v. Cleveland (1984),9 Ohio St.3d 109, 112, and because respondent has not actually assumed the office of at-large council member, an action in quo warranto is premature. Id. In reaching this decision, we make no judgment as to the legality of respondent's actions.
 {¶ 5} Accordingly, relator's complaint is hereby dismissed for failure to state a claim upon which relief can be granted. Costs to relator.
Pietrykowski, J. Parish, J. concur.