DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiffs-Appellants St. Nikola Macedonian Orthodox Church, et. al., have appealed from the decision of the Summit County Court of Common Pleas that declared their controversy moot having found that no justiciable issues remained. This Court affirms.
 I {¶ 2} The instant matter involves a dispute between rival factions within the St. Nikola Macedonian Orthodox Church ("Church"), each claiming authority as the duly authorized administrative board of the Church. Appellants are members of the board elected in February of 2003. Appellees include members of the second board elected in April 2003, and the parish priest, Reverend Zdravev Zoran.
 {¶ 3} On April 7, 2003, Appellants filed a complaint in the Summit County Court of Common Pleas for declaratory judgment and injunctive relief in an effort to stop the special election of a new church administrative board. The trial court adopted the decision of the magistrate and denied the temporary restraining order on April 28, 2003. Appellees filed a motion to dismiss the action for lack of subject matter jurisdiction on June 12, 2003. On June 21, 2003, the magistrate entered a decision overruling Appellees' motion and thereby finding that the trial court did have jurisdiction to determine whether the Church's operation as a non-profit corporation was being conducted in conformity with its bylaws and articles of incorporation. The magistrate's decision denoted that the court would proceed with its review of the declaratory judgment. The trial court adopted the magistrate's decision as its final appealable order on September 18, 2003.
 {¶ 4} After voluminous filings and a span of 28 months, the magistrate entered a decision on January 26, 2005 which declared that the biennial election to be held in February 2005 was to go forward and the controversy concerning the 2003 elections was to be delayed until completion of said election. On February 9, 2005, the trial court adopted the magistrate's decision and ordered that the election scheduled for February 27, 2005 was to go forward. On February 23, 2005, the magistrate again entered a decision that denied numerous motions which sought to stay or enjoin the February 27, 2005 election and sought to compel the court to determine precisely the rules and procedures to govern the February 27, 2005 election. On April 7, 2005, the trial court adopted the magistrate's decision. On May 6, 2005, the trial court filed an order which concluded that in light of the February 27, 2005 election and its subsequent approval by church officials, no justiciable issues remained for the court. The trial court went on to declare the controversy moot and terminated the case.
 {¶ 5} Appellants have timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN, AFTER ACCEPTING JURISDICTION OF THE ISSUES, IT FAILED TO RENDER A DECLARATORY JUDGMENT IN THE ABSENCE OF ANY OF THE REASONS PROVIDED BY STATUTE FOR ITS FAILURE TO DO SO."
 {¶ 6} In their first assignment of error, Appellants have argued that the trial court erred when it refused to enter a declaratory judgment to resolve the controversy. Appellants have specifically argued that the trial court was required to issue a declaratory judgment absent the exceptions set out in Ohio case law and the Ohio Revised Code. We disagree.
 Quo Warranto {¶ 7} We begin by noting that the State Attorney General has intervened in the instant matter. The Attorney General has argued that an action for quo warranto relief is the exclusive and proper remedy for challenging the legitimacy of a person or persons holding office in a corporation created by the authority of the state. Further, the Attorney General has argued that under Ohio law, an action for quo warranto cannot be brought in the Court of Common Pleas and cannot be brought by private citizens unless they are personally claiming title to a public office. Therefore, the Attorney General has argued that the "core of relief sought" by Appellants could only be obtained through quo warranto relief and consequently, Appellant's declaratory judgment action was improper and void. This Court finds that a quo warranto action is not proper in the case sub judice.
 {¶ 8} The Attorney General is correct that quo warranto is the proper and exclusive remedy for challenging a person who unlawfully holds an office in a corporation created by the authority of the state. Hendershot v. Conner (1974),48 Ohio App.2d 335, 337. However, the person(s) against whom the quo warranto action is initiated must actually be holding office. The Supreme Court of Ohio has held that "quo warranto does not lie where no one has actually assumed office." Parma v. Cleveland
(1984), 9 Ohio St.3d 109, 112.
 {¶ 9} In this case, there is ample evidence in the record that a disenfranchised faction of the Church (including Rev. Zoran) held a second election contemporaneously, and in protest of, the February 2003 election, at which they elected their own board ("Zoran Board"). The result of these conflicting elections was two "boards" each claiming to be the duly authorized administrative board. At no time did the Zoran board actually assume office. Further, at the time Appellants filed their complaint, the Archbishop had invalidated both "boards" which is further evidence that the Zoran board was not actually holding office. Consequently, because the original defendants to the action were not holding office at the time the complaint was filed, an action in quo warranto against them was premature. SeeState ex rel. Schulz v. McCloskey, 6th Dist. No. L-05-1389,2006-Ohio-10, at ¶ 4.
Additionally, a writ of quo warranto is an extraordinary remedy. State ex rel. Johnson v. Talikka (1994),71 Ohio St.3d 109, 110. Such writs "provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of the law." Id. Further, "a writ of quo warranto provides a remedy which cannot be obtained in any other type of proceeding: a judgment of ouster." Strah v. LakeCty. Humane Soc. (1993), 90 Ohio App.3d 822, 828 citing OhioHosp. Assn. v. Community Mut. Ins. Co. (1987),31 Ohio St.3d 215, 218. Therefore, the type of relief sought by the complaining party is an important indicator of whether an action is in the nature of quo warranto relief. See Hendershot,48 Ohio App.2d at 337 (using "the core of relief sought" to determine whether quo warranto was the proper action). See also North Dayton FirstChurch of God v. Berger (Oct. 27, 2000), 2d Dist. No. 18171, 2000 WL 1597963, at *4 (using the type of relief requested to determine whether an action is in the nature of quo warranto).
 {¶ 10} In the original complaint, Appellants asked for a judgment declaring that they were the duly elected board by virtue of the February 2003 election and for injunctive relief to prevent the April 12, 2005 election. Appellants did not seek to oust the Zoran board, but instead sought a declaration of its legal rights. See Id. In an analogous case, Berger,[1]
the Second Appellate District found that the trial court did not exceed its jurisdiction by entering a declaratory judgment despite the appellants' contention that quo warranto was the exclusive and proper remedy. Id. at *5.
 {¶ 11} Because "the core of relief" originally sought by Appellants was in the nature of a declaration of legal rights and not ouster, declaratory judgment was the proper action and the trial court properly maintained jurisdiction. As declaratory judgment is an "adequate remedy in the ordinary course of the law," the extraordinary remedy of quo warranto would have been improper in the instant case. See Talikka,71 Ohio St.3d at 110.
 Mootness {¶ 12} This Court has held that "[t]here exist two reasons for dismissing a complaint for declaratory judgment: (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy, per R.C. 2721.07." (Citation omitted). IndianaIns. Co. v. Forsmark, 9th Dist. No. 04CA008520, 2005-Ohio-1635, at ¶ 10. Therefore, a trial court need not issue a declaratory judgment if no real controversy or justiciable issue exists. SeeHolshuh v. Bank One, Akron, N.A. (Nov. 12, 1997), 9th Dist. No. 18301, at 5, citing Miller v. Summit Cty. Bd. of Edn. (Apr. 7, 1993), 9th Dist. No. 15847, at 3. "A real, justiciable controversy is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (Quotations omitted).Forsmark at ¶ 22 (Carr, J., concurring in part and dissenting in part).
 {¶ 13} Finally, there is no real controversy where a case has been rendered moot. Ferritto v. Twinsburg, 9th Dist. No. 21210, 2003-Ohio-1302, at ¶ 7, quoting Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133. We find Appellants' first assignment of error to be moot. That is, there exists no real controversy or justiciable issue for the trial court to determine.
 {¶ 14} The mootness doctrine is one of long standing in Ohio. This Court has addressed the question of when a matter becomes moot:
"`The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'"Poulson v. Wooster City Planning Comm., 9th Dist. No. 04CA0077,2005-Ohio-2976, at ¶ 6, quoting Miner v. Witt (1910),82 Ohio St. 237, 238.
 {¶ 15} Further, "[a] cause will become moot only when it becomes impossible for a tribunal to grant meaningful relief, even if it were to rule in favor of the party seeking relief."Joys v. Univ. of Toledo (April 29, 1997), 10th Dist. No. 96APE08-1040, 1997 WL 217581 at *3, citing Miner,82 Ohio St. at 238-239.
 {¶ 16} Appellants have asked this Court to "permit this controversy to be resolved on the merits." The record reflects that from the beginning, Appellants have sought a declaratory judgment espousing them as the duly elected administrative board dating back to the last election in 2003. However, by operation of the Church's bylaws, a regularly scheduled biennial election was held in February 2005. This recent election has provided a new administrative board ("2005 Board") and effectively mooted Appellants' protestations that they are, in fact, the duly authorized administrative board of the Church.
 {¶ 17} Appellants have argued that the February 2005 election was somehow tainted by the controversy over whether the February 2003 Board or April 2003 Board was the valid administrative board. Appellants have argued that without a valid board, there could be no valid election. Therefore, Appellants have argued, the existence of the 2005 Board does not cause their claim to be moot because the 2005 Board was unlawfully elected. Assuming Appellants' argument has merit, this Court cannot see what remedy is available even if we were to find in Appellants' favor.
 {¶ 18} Under the best case scenario, we could hold that the trial court erred in failing to issue a declaratory judgment and remand the matter back to the trial court. The trial court could issue an order declaring the February 2003 Board as the duly authorized administrative board, validly elected in February of 2003. However, with the natural expiration of their term already effectuated, such a judgment would have no practical effect and therefore, this Court is unable to grant Appellants any effectual relief whatsoever. Such a scenario falls squarely within the province of the mootness doctrine.
 {¶ 19} Accordingly, Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED AN ELECTION TO PROCEED ON FEBRUARY 27, 2005, RATIFYING THE ILLEGAL ELECTION OF APRIL 2003, WHICH HAD PROMPTED APPELLANTS TO SEEK DECLARATORY JUDGMENT IN THE FIRST INSTANCE IN THAT COURT."
 {¶ 20} In their second assignment of error, Appellants have argued that the trial court erred by ordering the February 27, 2005 election to proceed. Specifically, Appellants have argued that by doing so, the trial court ratified an illegal election and in effect, entered default judgment in favor of Appellees since they "controlled" the February 27, 2005 election. We disagree.
 {¶ 21} An appellant bears the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See also, App.R. 16(A)(7); Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 22} Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists.Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citingElyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. Further, under the Rules of Appellate Procedure, this Court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based. App.R. 12(A)(2).
 {¶ 23} In arguing their second assignment of error, Appellants have not articulated any applicable standard of review, nor have they cited to any legal authority. In addition, they have not developed their arguments sufficiently to support their claim that the trial court abused its discretion by ratifying an illegal election or that the Appellees in any way abused the February 2005 election process. As such, "`failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" Hutchins v. FedexGround Package Sys., Inc. 9th Dist. No. 22852, 2006-Ohio-253, at ¶ 6, quoting Kremer v. Cox (1996), 114 Ohio App.3d 41, 60.
 {¶ 24} Accordingly, Appellants' second assignment of error lacks merit.
 III {¶ 25} Appellants' first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Moore, J., Concurs.
Carr, J., Concurs in Judgment Only.
[1] The facts of Berger are startlingly similar to the instant matter. In Berger, the Walker Group was elected as the trustees and officers of the church. Subsequent to their election, problems arose between the Walker Group and the pastor, Clay Norman. Norman resigned as a result. Following Norman's resignation, a second faction, the Berger Group, expressed a desire to have Norman reinstated. The Berger Group, Norman and other church members held a special meeting whereat the Berger Group was elected as trustees and officers of the Church. The Berger Group reinstated Norman as pastor. The Berger Group then filed a complaint seeking a declaratory judgment that its members were the legal officers of the church pursuant to the special meeting and injunctive relief to prevent the Walker Group from exercising any authority. The Walker Group argued that the complaint and the trial court's action were in the nature of quo warranto relief, over which the common pleas court lacked jurisdiction. The appellate court disagreed and affirmed the trial court.