DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Sophia J.F. Hutchins, pro se, has appealed from the decision of the Summit County Court of Common Pleas that granted Defendant-Appellee FedEx Ground Package Sys., Inc.'s motion to dismiss. This Court affirms.
 I {¶ 2} On June 27, 2005, Plaintiff-Appellant Sophia J.F. Hutchins appealed the Industrial Commission's order regarding her workers compensation claim. She filed her appeal in the Summit County Court of Common Pleas arguing that she was entitled to her requested treatment of additional physical therapy and vocational rehabilitation. On July 5, 2005, Defendant-Appellee FedEx Ground Package Sys., Inc. filed a motion to dismiss the claim pursuant to Civ.R. 12(B)(1) for failure to state a claim and for lack of subject mater jurisdiction. The trial court granted Appellee's motion on July 26, 2005. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"THE COURT ERROR (SIC) WHEN IT DISMISSED APPELLENT (SIC) APPEAL FOR LACK OF SUBJECT MATTER JURISDICTION AND STATED THAT APPELLANT DID NOT FILE A RESPONSE."
 {¶ 3} In her sole assignment of error, Appellant has stated that the trial court erred in dismissing her appeal for lack of subject matter jurisdiction. Appellant however, did not cite any rule or case law in support of her assignment of error. Rather she has argued that the trial court failed to follow the time table under the Administrative Agencies Rule 19.03. In her reply brief, Appellant cited general case law regarding ruling on a motion to dismiss for failure to state a claim, but she failed to connect the case law to any alleged errors in the instant matter. In fact, Appellant failed to cite to any facts or arguments in the law and argument section of her brief that are relevant to the trial court dismissing the claim for lack of subject matter jurisdiction.
 {¶ 4} Appellee has argued that Appellant has failed to comply with App.R. 16. We agree.
 {¶ 5} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See also, App.R. 16(A)(7); Loc.R. 7(A)(7). Pursuant to App.R. 16(A), an appellant's brief shall include all of the following:
"(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
"(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
"* * *
"(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 6} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. Further, this Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(E).
 {¶ 7} In the instant matter, although Appellant has assigned error to the trial court, she has failed to make the necessary identifications and arguments regarding the alleged error of the trial court, and thus, we are not required to address her argument. See App.R. 12(A)(2); Loc.R. 7(E).
 {¶ 8} Appellant's sole assignment of error lacks merit.
 III {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., concurs.