DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Helen Nelson, appeals the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Allstate Insurance Company on its purported complaint for declaratory judgment and granted judgment in favor of appellee, Corey Earl, awarding him compensatory and punitive damages. This Court vacates, in part, and affirms, in part.
 I. {¶ 2} At all relevant times, appellee was a patrolman for the Lorain Police Department. Appellee filed a complaint against appellant, alleging three claims, to wit: libel and slander (defamation), an action premised upon R.C. 2307.60, and injury to appellee's professional reputation and emotional distress premised upon appellant's negligent and/or reckless conduct. Appellee endorsed his demand for a jury trial on the complaint. The complaint listed two addresses for appellant, specifically an address in Washington, D.C. and an address in Upper Marlboro, MD.
 {¶ 3} Appellant retained local counsel who timely filed an answer on her behalf. Appellant endorsed her demand for a jury trial on her answer. Eleven months later, local defense counsel withdrew from representation of appellant. The next day, Darrell Bilancini entered a notice of appearance on behalf of appellant. Mr. Bilancini was an attorney retained by Allstate Insurance Company to provide a defense to appellant under the initial understanding that she was entitled to such a defense under the terms of her homeowner's insurance policy.
 {¶ 4} On March 18, 2004, appellee filed a notice of deposition, noticing appellant that counsel for appellee would take her deposition on April 12, 2004. Appellant failed to appear for the scheduled deposition on April 12, 2004, and appellee filed a motion for discovery sanctions pursuant to Civ.R. 37 the same day. Mr. Bilancini filed a brief in opposition to the motion for sanctions, asserting that he had notified appellee's counsel that appellant would not appear for the deposition on April 12, 2004. Mr. Bilancini attached a copy of the April 7, 2004 letter which he sent to appellee's counsel. The body of the letter stated:
"I have advised Helen Nelson about the notice of her deposition scheduled for Monday, April 12, 2004 at 9:00 a.m. at your office. She called me to indicate that she was contacted by Allstate Insurance Company to let her know that they would not be providing a defense or indemnity for any claims of Mr. Earl. Therefore, she needs to hire other counsel since Avery Friedman will not represent her any longer. It is my understanding that Allstate Insurance Company has hired counsel to prepare a declaratory judgment action to determine whether coverage is owed to Ms. Nelson. I am not aware that they have attempted to either intervene in this lawsuit or to file a separate lawsuit. I would expect that they will want to take depositions of Mr. Earl as well as Ms. Nelson. Therefore, I don't believe that the deposition is going to proceed on April 12 even though I am still representing her. I have not heard from any additional counsel who has been retained by Ms. Nelson."
The trial court denied appellee's first motion for discovery sanctions, finding that appellant was going to hire another attorney.
 {¶ 5} On April 27, 2004, appellee filed a second notice of deposition, noticing appellant that counsel would take her deposition on May 28, 2004. Appellant was in court in Ohio on May 28, 2004, appearing on another case and therefore did not attend the deposition. On May 26, 2004, appellee filed a third notice of deposition, noticing appellant that counsel would take her deposition on June 23, 2004. On June 25, 2004, appellee filed a motion to show cause why discovery sanctions should not be imposed pursuant to Civ.R. 37. Appellee asserted that appellant failed to appear or offer any valid explanation for failing to appear for all three scheduled depositions. Appellee requested that the court sanction appellant by entering an order upon the record deeming that all allegations set forth in the complaint are established as true. Mr. Bilancini opposed the motion to show cause on appellant's behalf. On August 2, 2004, the trial court ordered that appellee "shall reschedule Defendant's deposition and advise this Court of the rescheduled deposition time and date." On August 4, 2004, appellee filed a fourth notice of deposition, noticing appellant that counsel would take her deposition on September 2, 2004. On August 10, 2004, the trial court issued a judgment entry in which it ordered appellant to appear for the deposition on September 2, 2004. The trial court further ordered that appellant's failure to appear "will result in Defendant being held in contempt of Court and sanctions being imposed."
 {¶ 6} On September 2, 2004, appellee filed his third motion for sanctions pursuant to Civ.R. 37 in which he asserted that appellant had failed to appear at her scheduled deposition that day. Five minutes after the deposition was to have started, Mr. Bilancini called appellee's attorney to inform him that appellant would not appear but that she was on the phone and wished to make a statement on the record. Mr. Bilancini further reported that appellant refused to conduct the deposition by phone, because she did not consider Mr. Bilancini to be her attorney.[1]
Appellee refused to permit appellant to make a statement, if she refused to submit to her deposition. Appellee again requested that the court impose sanctions to include, in part, an order deeming all the allegations set forth in the complaint to be established as true.
 {¶ 7} On September 14, 2004, the trial court granted appellee's motion for sanctions after finding that appellant willfully failed to appear for deposition on four separate occasions without providing reasonable notice or attempting to reschedule. The trial court further found that appellant had nearly a year to obtain counsel, if she was not satisfied with counsel provided by Allstate Insurance Company. The trial court granted appellee's request for attorney fees and costs and further ordered that "[a]ll allegations in the Plaintiff's complaint are hereby ordered established and deemed to be accepted as true." The trial court failed, however, to enter judgment in favor of appellee at that time. The trial court later scheduled the matter for a bench trial solely on the issue of damages after appellee withdrew his demand for a jury trial.
 {¶ 8} On June 25, 2004, Allstate Insurance Company filed a motion to intervene to file a complaint for declaratory judgment. The trial court granted the motion to intervene, and Allstate's complaint was accepted by the clerk for filing. On August 13, 2004, Allstate instructed the clerk of courts to serve the complaint by certified mail on appellant at both the Washington, D.C. and Upper Marlboro, MD addresses listed in appellee's complaint. The clerk later notified Allstate that service upon appellant had failed at both addresses and that the complaint had been returned unclaimed. Although the docket does not indicate that Allstate then requested that the clerk attempt to serve appellant by regular mail, the docket does indicate that subsequent service of the complaint by ordinary mail was returned with the following notation: "RTS-NOT AT THIS ADDRESS[.]" It is not clear from the record whether Allstate directed the clerk to serve appellant by ordinary mail at both addresses or merely one. Only one returned envelope is in the file, and that envelope indicates that the complaint was sent to a 20019 zip code, which corresponds to appellant's Washington, D.C. address. Accordingly, there is nothing in the record to indicate that appellant was ever properly served with Allstate's complaint for declaratory judgment.
 {¶ 9} On October 1, 2004, notwithstanding the failure of service of its complaint, Allstate filed a motion for leave to file a motion for summary judgment instanter. The trial court granted leave the same day. Allstate asserted that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law on its complaint for declaratory judgment, because the terms of appellant's homeowner's policy do not obligate Allstate to provide indemnification or a defense on a defamation claim. Appellee did not file a brief in opposition to the motion for summary judgment, either herself or through counsel. On October 22, 2004, the trial court granted Allstate's motion for summary judgment on its complaint for declaratory judgment.
 {¶ 10} On October 25, 2004, appellee filed a waiver of right to jury trial, "since the allegations in [the] complaint have been deemed to be true." On October 29, 2004, the trial court set the matter for a trial to the bench on the issue of damages only on November 17, 2004 at 8:30 a.m.
 {¶ 11} On November 2, 2004, Mr. Bilancini filed a motion to withdraw as counsel for appellant on the basis of the court's granting of summary judgment in favor of Allstate Insurance Company on its complaint for declaratory judgment. On November 3, 2004, the trial court granted Mr. Bilancini's motion to withdraw.
 {¶ 12} On November 17, 2004, appellant failed to appear for trial, notify the court that she was unable to appear, or move for a continuance of trial. The trial proceeded in appellant's absence and in the absence of counsel on her behalf. On November 19, 2004, the trial court issued a judgment entry in which the court concluded that appellant's statements and actions against appellee amounted to slander and slander per se. The trial court stated that "[i]t is, therefore, the decision of this Court in favor of the Plaintiff, * * *" thereby entering judgment in favor of appellee on his complaint. The trial court then ordered an award of compensatory damages to appellee in the amount of $30,000.00 and punitive damages in the amount of $250,000.00. Appellant timely filed a notice of appeal.[2]
 {¶ 13} Appellant later moved for several extensions of time in which to file her appellate brief, because she intended to file a motion for relief from judgment pursuant to Civ.R. 60(B) in the trial court. This Court granted those extensions, and appellant filed her motion for relief from judgment on April 11, 2005. Appellee filed a brief in opposition on April 18, 2005. The trial court scheduled an oral hearing on the motion, at which time counsel presented oral argument, but no witness testimony or other evidence. On July 6, 2005, the trial court issued a journal entry in which it denied appellant's motion for relief from judgment.
 {¶ 14} In her appeal, appellant sets forth eight assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN THE DECLARATORY JUDGMENT ACTION SINCE APPELLANT WAS NEVER PROPERLY SERVED AND THUS THE TRIAL COURT LACKED JURISDICTION."
 {¶ 15} Appellant argues that the trial court was without jurisdiction to grant Allstate Insurance Company's motion for summary judgment, because Allstate failed to perfect service of its complaint on appellant. This Court agrees.
 {¶ 16} Civ.R. 3(A) provides, in relevant part, that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Allstate Insurance Company attempted to have appellant served by certified mail pursuant to Civ.R. 4.1(A). Both attempts to serve appellant by certified mail were returned unclaimed. Pursuant to Civ.R. 4.6(D), the clerk notified Allstate of the unclaimed service, and the clerk then sent by ordinary mail a copy of the summons and complaint to appellant. Civ.R. 4.6(D) continues:
"Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."
 {¶ 17} In this case, the ordinary mail envelope was returned undelivered, and the docket indicates its return. Whereas the docket indicates "Attorney notified" on August 26, 2004 and September 15, 2004 after the failure of certified mail service, the docket does not so indicate in regard to the failure of ordinary mail service. Nevertheless, the failure of service of Allstate's complaint upon appellant is clearly noted in the docket. Allstate made no further efforts to attempt to serve appellant with its complaint. Accordingly, service of the complaint was never perfected upon appellant.
 {¶ 18} "Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio." DonAsh Properties v. Dunno, 10th Dist. No. 03AP-375,2003-Ohio-5893, at ¶ 7, citing C W Investment Co. v. MidwestVending, Inc., 10th Dist. No. 03AP-40, 2003-Ohio-4688, at ¶ 6. This Court has concurred, holding that "[w]hen service of the complaint is incomplete, a resulting judgment is void ab initio." Haley v. Wilson, 9th Dist. No. 20967, 2002-Ohio-3987, at ¶ 12.
 {¶ 19} This Court finds that service of Allstate's complaint for declaratory judgment was incomplete. Accordingly, the declaratory judgment action was never commenced and the trial court lacked jurisdiction to render summary judgment in favor of Allstate on its complaint. The trial court's judgment entry granting summary judgment in favor of Allstate was, therefore, a nullity and void ab initio. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN PERMITTING A BENCH TRIAL, WHEN APPELLANT HAD NOT WAIVED HER JURY DEMAND."
 {¶ 20} Appellant argues that the trial court erred in proceeding on a trial to the bench, when appellant had demanded a jury trial and never waived her demand. This Court disagrees.
 {¶ 21} Appellant failed to appear at trial on November 17, 2004. Although appellant had demanded a jury trial, by failing to appear appellant tacitly waived or withdrew that demand. A trial court should not be forced to hold a jury trial in the absence of the requesting party. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN CONDUCTING A DAMAGES ONLY TRIAL."
 {¶ 22} Appellant argues that the trial court erred when it conducted a trial only on damages in the absence of a prior order entering judgment on appellee's claims.[3] This Court disagrees.
 {¶ 23} In this case, the trial court sanctioned appellant for her repeated unexcused failures to appear for depositions after appropriate notice. By way of sanction, the trial court ordered that all the allegations in appellee's complaint were established as true.[4] Appellee alleged in pertinent part that appellant engaged in libelous and slanderous conduct in Lorain and Cuyahoga counties in an attempt to destroy appellee's professional career and reputation as a police officer. Appellee alleged that appellant's conduct included falsely and maliciously stating to others that appellee framed appellant's son by planting drugs on him. Appellee further alleged that appellant attempted to persuade others to "cook something up" about appellee to "get him back."
 {¶ 24} For appellee to prevail on his claim of defamation, the evidence must establish (1) a false and defamatory statement concerning appellee, (2) publication of the statement, (3) fault, and (4) harm. Williams v. Gannett Satellite Information Network,Inc., 1st Dist. No. C-040635, 2005-Ohio-4141, at ¶ 5. Where appellee's complaint alleges defamation per se, damages are presumed. Id. at ¶ 7. In order to establish a claim of defamation per se, appellee must show that the words used in appellant's statements fell into one of three categories, the relevant category being "having the tendency to injure the plaintiff in his trade or occupation." Id. at ¶ 8.
 {¶ 25} In this case, the allegations in appellee's complaint addressed all the elements of a claim of defamation per se. The trial court deemed all the allegations in appellee's complaint as true as a sanction for appellant's failure to appear at all four scheduled depositions. Accordingly, liability was established, and there was no need for the trial court to hear further evidence in that regard. On the other hand, it was necessary that the trial court hear evidence in support of a specific amount of both compensatory and punitive damages. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED IN PERMITTING APPELLANT'S COUNSEL TO WITHDRAW TWO WEEKS PRIOR TO TRIAL."
 {¶ 26} Appellant argues that the trial court erred in allowing "appellant's counsel" to withdraw two weeks before the scheduled trial, leaving appellant "high and dry without counsel just prior to trial." This Court disagrees.
 {¶ 27} First, this Court notes that appellant acknowledged in her August 23, 2004 letter forwarded to the trial court that she was without counsel to represent her, notwithstanding that Mr. Bilancini did not file his motion to withdraw until November 2, 2004. Further, Mr. Bilancini informed the court on April 16, 2004 that appellant was attempting to retain counsel to represent her after Avery Friedman withdrew and notwithstanding Mr. Bilancini's involvement in the action. Accordingly, appellant was on notice well in advance of trial that she did not have representation in this matter.
 {¶ 28} Second, because appellant never recognized Mr. Bilancini as her attorney, she cannot now claim prejudice by his withdrawal. This Court again notes that Mr. Bilancini filed a letter on October 12, 2004, in which he asserted that appellant believed that she was without counsel in this case to represent her. Mr. Bilancini also attached appellant's letter in which she asserted that she had no attorney and no money to obtain one.
 {¶ 29} Finally, Mr. Bilancini served appellant with his motion to withdraw by mailing the motion by regular U.S. mail on October 26, 2004. The trial court copied appellant personally on its November 3, 2004 order granting Mr. Bilancini's withdrawal. Trial did not take place until November 17, 2004. At no time did appellant move the trial court to continue the trial, so that she might obtain counsel. Neither did appellant appear at trial and object to the trial proceeding despite her lack of representation.
 {¶ 30} Under the circumstances, where appellant was on notice and acknowledged that she was without representation many months prior to trial and yet failed to either secure counsel or move for a continuance of trial to allow her to obtain counsel, this Court finds that appellant has failed to establish how she was prejudiced by the trial court's permitting Mr. Bilancini to withdraw two weeks prior to trial. Accordingly, the trial court did not err by permitting Mr. Bilancini to withdraw. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"THE TRIAL COURT ERRED IN PERMITTING THE TRIAL TO GO FORWARD EX PARTE."
 {¶ 31} Appellant argues that the trial court erred in proceeding with the trial in appellant's absence. This Court disagrees.
 {¶ 32} On June 22, 2004, the trial court issued a journal entry, scheduling the matter for trial on November 17, 2004 at 8:30 a.m. Although it appears that counsel signed the journal entry, it is not clear whether the entry was copied to anyone.
 {¶ 33} On October 22, 2004, the trial court issued its journal entry in which it granted Allstate Insurance Company's motion for summary judgment and ordered that the matter remained scheduled for trial on November 17, 2004 at 8:30 a.m. The trial court only copied the journal entry to counsel.
 {¶ 34} On October 25, 2004, appellee mailed a copy of his waiver of right to jury trial to appellant at her Upper Marlboro, MD address. In his waiver, appellee referenced the November 17, 2004 date scheduled for trial. On October 29, 2004, the trial court issued a journal entry in which it ordered that the matter was scheduled for damages trial only on November 17, 2004 at 8:30 a.m.
 {¶ 35} On November 17, 2004, the trial court called the case for trial at 9:05 a.m. after paging appellant. When appellant failed to appear, the court proceeded with the scheduled trial.
 {¶ 36} In this case, appellant received notice that the matter was scheduled for trial on November 17, 2004 at 8:30 a.m. Appellant failed to appear for trial, move for a continuance so that she might obtain counsel, or otherwise notify the court that she was not able to appear.
 {¶ 37} Appellant fails to cite any law in support of her argument that it is improper for a trial court to proceed with a trial in the absence of a civil litigant who has received notice. In fact, the Eighth District Court of Appeals case cited by appellant states that "[t]he proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." Fendrich v. Fendrich (Mar. 9, 1989), 8th Dist. No. 54840. Although the Fendrich court also stated that "a party whose non-defaulting opponent fails to appear for trial must prove his case even in the absence of the opposing party[,]" such requirement is not necessary in this situation where the allegations in appellee's complaint were deemed established as true. Further, appellee complied with the mandates set out inFendrich and presented sufficient evidence to meet his burden of proof in regard to damages. Under these circumstances, this Court finds that the trial court did not err in proceeding with the scheduled trial in appellant's absence. Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"THE TRIAL COURT ERRED IN AWARDING JUDGMENT TO APPELLEE ON HIS DEFAMATION CLAIM."
 {¶ 38} Appellant argues that the trial court erred in awarding judgment to appellee, because there was no evidence to support his claim for defamation. Specifically, appellant argues that the trial court failed to recognize appellee as a public official, and there was no proof that appellant acted with actual malice so that appellee might recover damages. This Court disagrees.
 {¶ 39} This Court has already addressed this issue in our disposition of appellant's third assignment of error. We previously found that the trial court ordered that all the allegations in appellee's complaint were established as true. Appellant did not challenge the trial court's order in that respect. In reliance on a 2005 decision out of the First District Court of Appeals, this Court found that those presumed facts established all the necessary elements of appellee's claim of defamation per se. See Williams, supra. Williams involved a defamation action brought by a police officer (Williams) against a newspaper, a reporter, the city of Cincinnati and other police officers for their roles in publishing an article which stated that Williams' son had been arrested and that his son had a previous conviction for selling drugs.
 {¶ 40} The Williams court further relied on Soke v. ThePlain Dealer (1994), 69 Ohio St.3d 395, for the proposition that, in order to succeed on his defamation claim, the police officer, as a public official, had to prove actual malice.Williams at ¶ 14. The Williams court found that the trial court did not err in finding that Williams had properly alleged actual malice. Id. at ¶ 12. This Court finds that appellee also properly alleged actual malice in his complaint, and that those allegations have been established as true.
 {¶ 41} The Ohio Supreme Court referenced the United States Supreme Court's decision in New York Times Co. v. Sullivan
(1964), 376 U.S. 254, in its discussion regarding actual malice within the context of public officials, stating:
"The New York Times public official definition of `actual malice' requires that the publication be made with knowledge that it was false or with reckless disregard for its truth or falsity. Public official actual malice requires more than evidence of ill will, spite, or ulterior motive; the libeled plaintiff must prove with convincing clarity that the defendant had a high degree of awareness of the probable falsity of the published statements."Jacobs v. Frank (1991), 60 Ohio St.3d 111, 115.
 {¶ 42} Appellee alleged in his complaint, and such allegations were established as true, that appellant falsely and maliciously stated that appellee had planted drugs on appellant's son in order to frame him. The complaint further alleged that appellant attempted to persuade other people to help her "cook something up" about appellee in order to impugn his professional reputation. In addition, at the trial on November 17, 2004, Joann Keys, an acquaintance of appellant, testified that appellant admitted that appellee had caught her son with drugs and that she wanted Keys' help to "cook something up" to frame appellee. Debra Ann Gamble, the half-sister of appellant's daughter, testified that appellant wanted her to lie about appellee and tell others that appellee planted drugs on appellant's son. Under these circumstances, it is clear that appellant knew that appellee had not planted drugs on her son, so that she had a high degree of awareness of the falsity of such statements that she made to others. Accordingly, this Court finds that the evidence supports a finding that appellant acted with actual malice when she told others that appellee, a police officer and public official, planted drugs on her son. Therefore, the trial court did not err in awarding judgment in favor of appellee on his defamation claim. Appellant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR VII
"THE TRIAL COURT ERRED BY AWARDING EXCESSIVE DAMAGES TO APPELLEE."
 {¶ 43} Appellant argues that the trial court erred by awarding an excessive amount of punitive damages to appellee. This Court disagrees.
 {¶ 44} The Ohio Supreme Court has stated:
"The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct. The amount of punitive damages awarded may be excessive when it is determined to have been the product of passion and prejudice. If the punitive damages award is not the result of passion and prejudice, and not the result of legal error, it is generally not within the province of a reviewing court to substitute its view for that of the [trier of fact]." (Citations omitted.) Williamsv. Aetna Finance Co. (1998), 83 Ohio St.3d 464, 480.
 {¶ 45} Appellant cites an Ohio Supreme Court which addresses the factors to consider in determining whether excessive damages were influenced by passion and prejudice, to wit:
"In order to determine whether excessive damages were so influenced, a reviewing court should consider, not only the amount of damages returned and the disparity between the verdict and remittitur where one has been entered, but it also becomes the duty of such court to ascertain whether the record discloses that the excessive damages were induced by (a) admission of incompetent evidence, (b) by misconduct on the part of the court or counsel, or (c) by any other action occurring during the course of the trial which can reasonably be said to have swayed the [trier of fact] in [its] determination of the amount of damages that should be awarded." Fromson Davis Co. v. Reider
(1934), 127 Ohio St. 564, paragraph three of the syllabus.
 {¶ 46} Appellant fails, however, to argue how an application of those factors to this case supports the supposition that the punitive damages award is excessive, save for appellant's statement that an award of punitive damages in excess of appellee's demand indicates that "something is drastically wrong." Appellant's conclusory statement does not convince this Court that the trial court's award was excessive.
 {¶ 47} The only other argument that appellant makes is that the amount of punitive damages "bears no reasonable relationship to plaintiff's damages[.]" Appellant fails to argue how the amount of punitive damages bears an unreasonable relationship to appellee's damages. This Court has repeatedly held that "it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. * * * [W]e will not guess at undeveloped claims on appeal." (Internal citations omitted.)Hutchins v. Fedex Ground Package Systems, Inc., 9th Dist. No. 22852, 2006-Ohio-253, at ¶ 6. See, also Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673; McPherson v. GoodyearTire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31. In this case, although appellant has assigned error to the trial court, she has failed to make the necessary arguments regarding this assigned error. Accordingly, this Court is not required to address her argument. See Hutchins at ¶ 7; see, also App.R. 12(A)(2). Appellant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR VIII
"THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S RULE 60(B) MOTION."
 {¶ 48} Appellant argues that the trial court erred by denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B). This Court disagrees.
 {¶ 49} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 50} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 51} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 52} Appellant argues that she is entitled to relief from judgment pursuant to Civ.R. 60(B)(5) because the award of damages was excessive and because Mr. Bilancini was negligent in his representation of appellant and/or he abandoned appellant's case.
 {¶ 53} Appellant argued in her motion for relief from judgment that both the $30,000.00 compensatory damages award and the $250,000.00 punitive damages award were excessive. Appellant argued that there was no rationale for the amount of compensatory damages and no justification for the award of punitive damages. This Court finds that appellant has failed to establish any defense to such awards.[5]
 {¶ 54} Appellee testified at trial that appellant's defamatory conduct caused him great stress and worry for more than a year before appellant's son pled guilty to the drug offense charges. Appellee testified that he was afraid that he could lose his job and that the economic ramifications of that could cause him to lose his home. He testified that he was afraid that he might be charged criminally. Appellee added that his daily life was disrupted by such fears and that appellant's actions had a negative affect on his professional life, causing him to fear that others would attempt to ruin his career by making false claims about his professional behavior. In addition, appellee testified that other officers and people he subsequently arrested taunted him about appellant's accusations.
 {¶ 55} Lieutenant Richard Resendez, formerly of the Lorain Police Department, testified that appellant came to him to file a complaint against appellee, based on allegations that appellee had planted drugs on her son. Lieutenant Resendez testified that a complaint against an officer, even when the officer knows it to be false, takes a great toll on the officer, adding stress to an already stressful occupation and hampering the officer's ability to properly administer his sworn duties.
 {¶ 56} Appellant offered nothing to demonstrate that $30,000.00 was an unreasonable amount to compensate appellee for more than a year of stress and anxiety arising from his fears of criminal and civil ramifications, as well as from the repeated tauntings of others. Accordingly, appellant has failed to demonstrate that she has a meritorious defense to such an award of compensatory damages.
 {¶ 57} Appellant further argued that she is entitled to relief from judgment because the $250,000.00 punitive damages award exceeded appellee's request for $100,000.00. This Court finds that appellant's argument lacks merit.
 {¶ 58} Punitive damages are awarded to punish and deter certain conduct, not to compensate a plaintiff for harm.Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,651. The Ohio Supreme Court upheld a punitive damages award of $1.5 million, an amount 100 times the amount of the compensatory damages award in a case where the defendant's conduct was of a reprehensible nature. Williams, 83 Ohio St.3d at 480-81.
 {¶ 59} In this case, appellant actively sought to ruin the career of a police officer by spreading lies, alleging that he had planted drugs on her son in order to make an arrest. More reprehensible were appellant's attempts to have others spread lies about appellee about the same type of conduct. Appellant offered to pay others to "cook something up" to "frame" appellee in efforts to impugn his professional reputation and ruin his life. Appellant admitted to Joann Keys that appellee had caught her son with drugs, not that she believed her son had been framed by appellee. Further, a punitive damages award in excess of appellee's prayer was not excessive, given the nature of appellant's conduct and its potential to affect the reputation and credibility of appellee, as well as the Lorain Police Department as a whole.
 {¶ 60} While the Ohio Rules of Civil Procedure limited the amount of judgment to the amount demanded in the complaint, Civ.R. 54(C) was amended on July 1, 1994 to substantially mirror Fed.R.Civ.P. 54(c), which permitted an award of damages that exceeded the prayer for relief. See, Bishop v. Grdina (1985),20 Ohio St.3d 26, 28-29. Prior to July 1, 1994, Civ.R. 54(C) read in pertinent part:
"* * * [A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not late than seven days before the commencement of the trial."
On July 1, 1994, however, Civ.R. 54(C) was amended to read:
"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."
The amended version of the rule, in effect today notwithstanding a subsequent amendment on July 1, 1996, permits a party to "recover more at trial than prayed for[.]" Hayes v.Walt Ward Constr. Co. (Nov. 21, 1996), 8th Dist. No. 69557. Accordingly, the mere fact that the trial court's award of punitive damages exceeded appellee's demand does not compel this Court to find that such an award was excessive.
 {¶ 61} On the other hand, appellant has offered nothing to demonstrate that $250,000.00 was an unreasonable amount to punish her and deter her from such conduct in the future. Accordingly, appellant has failed to demonstrate that she has a meritorious defense to such an award of punitive damages.
 {¶ 62} Appellant further argued that she is entitled to relief from judgment on the basis of Mr. Bilancini's negligence in his representation of her. This Court disagrees.
 {¶ 63} This Court has already found that appellant rejected the representation of Mr. Bilancini. In fact, appellant repeatedly failed to appear for her scheduled depositions, in part, because she still needed to obtain counsel, notwithstanding Mr. Bilancini's participation in the case. She was further put on notice early in the case that Allstate Insurance Company believed that it had no duty to provide indemnity or a defense to her in regard to appellee's defamation claim. Notwithstanding such notice, appellant failed to obtain other counsel. Given appellant's notice that Allstate Insurance Company would not be providing for her defense, coupled with her refusal to recognize Mr. Bilancini as her attorney and her recognition that she must obtain other counsel, appellant's argument that she relied to her detriment on Mr. Bilancini's defense of her case lacks merit. Accordingly, this Court finds that appellant has failed to demonstrate a meritorious defense to appellee's claims but for Mr. Bilancini's representation of her.
 {¶ 64} Further, appellant attempted to establish a defense to appellee's claims by speculating about additional evidence that appellant might have presented to the court. Appellant fails to offer any reason for her failure to present such evidence absent her alleged reliance on an attorney whose representation she continually failed to recognize. Under such circumstances, this Court finds that the trial court did not err in denying appellant's motion for relief from judgment upon the finding that appellant failed to present operative facts rather than "base allegations."
 {¶ 65} Because appellant has not established that she has a meritorious defense to either the damages award or appellee's defamation claim upon the grounds enumerated in Civ.R. 60(B)(5), this Court finds that the trial court did not err in denying appellant's motion for relief from judgment. Appellant's eighth assignment of error is overruled.
 III. {¶ 66} Appellant's first assignment of error is sustained. Appellant's remaining assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, which granted Allstate Insurance Company's motion for summary judgment on its complaint for declaratory judgment, is vacated. The judgment of the Lorain County Court of Common Pleas, which entered judgment in favor of appellee and awarded compensatory and punitive damages, is affirmed.
Judgment vacated in part, and affirmed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. concur.
[1] On October 12, 2004, Mr. Bilancini filed a letter in which he asserted that appellant believes that she is without counsel in this case to represent her. Accordinlgy, appellant did not appear for the September 2, 2004 deposition. Mr. Bilancini attached appellant's letter in which she asserted that she had no counsel and no money to obtain counsel. Also attached was a letter dated July 23, 2004 from Allstate to appellant in which Allstate informed appellant that "since your Allstate Insurance policy does not indemnify coverage for slander there would be no reimbursement of legal fees incurred by you for any court action."
[2] The docket indicates that appellant filed her notice of appeal on December 17, 2004, although the notice itself is not in the record submitted to this Court.
[3] Appellant seemingly concludes her argument in this assignment of error with allegations of legal malpractice. As this is not the appropriate forum in which to address such concerns, this Court does not address them.
[4] Throughout this appeal, appellant only makes reference to the first count in appellee's amended complaint, to wit: the defamation claim. Because appellant does not address the second and third counts of the complaint, this Court does not address them.
[5] This Court again notes that all the allegations in appellee's complaint were deemed to be established as true for appellant's repeated failures to appear at four scheduled and noticed depositions. Appellant never challenged the imposition of that sanction. Furthermore, appellant failed to appear at the trial on November 17, 2004 and present any defense to the allegations of her liability. Accordingly, this Court addresses her assignment of error only in regard to the award of the amount of damages.