DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Emmilie Radcliff, has appealed from the judgment of the Summit County Court of Common Pleas which granted directed verdicts to Appellees. This Court affirms in part and reverses in part.
 I. {¶ 2} Though this Court thoroughly laid out the underlying facts of this action in the first appeal of this matter, see Radcliff v. SteenElec, Inc. (" Radcliff "), 9th Dist. No. 22407, 2005-Ohio-5503, we reiterate the pertinent facts herein for ease of reference. *Page 2 
 {¶ 3} Appellant worked as a bookkeeper at Appellee, Steen Electric, Inc. ("Steen Electric"), for twenty-seven years before ending her employment on August 23, 2002. During the late afternoon of that day, Appellant's adult son, Kenny Forrer, came to Steen Electric to pick up Appellant and drive her home. Appellee Theodore Goumas, a personal friend and business associate of Appellees Robert and William Steen ("the Steen brothers"), was on Steen Electric premises at the time Forrer entered the premises to pick up Appellant. At that time, a series of incidents took place, which precipitated Appellant's filing of her complaint on November 7, 2002.
 {¶ 4} In her complaint, Appellant alleged that Mr. Goumas exposed his penis to her and to others; that Mr. Goumas used a banana to simulate a penis; and that Mr. Goumas asked Appellant whether she wanted the banana "for a snack on your way home." Appellant further alleged that Mr. Goumas acted with the prior knowledge and consent of and at the direction of Steen Electric and the Steen brothers.
 {¶ 5} Based on these allegations, Appellant alleged five counts in her complaint, to wit: Count One: wrongful termination of employment, i.e., constructive discharge premised on Appellees' maintenance of a hostile work environment due to sexual harassment in the workplace; Count Two: negligent and/or intentional infliction of emotional distress; Count Three: age *Page 3 
discrimination; Count Four: negligent hiring, retention and supervision; and Count Five: assault.
 {¶ 6} Steen Electric and the Steen brothers filed an answer and a single counterclaim, alleging that Appellant's claims were frivolous pursuant to R.C. 2323.51. Theodore Goumas filed an answer and three counterclaims, alleging that Appellant's claims were frivolous (without specific reference to R.C. 2323.51) and that Appellant's claims were filed for the purpose of slandering and libeling Goumas.
 {¶ 7} Appellant filed a motion for summary judgment on each of the counterclaims. Additionally, Steen Electric and the Steen brothers filed a motion for summary judgment on their behalf and purportedly on Mr. Goumas' behalf in relation to Appellant's claims. The trial court granted Appellees' motion for summary judgment as to Count One (wrongful termination), Count Two (negligent infliction of emotional distress), Count Two (intentional infliction of emotional distress) as to all Steen defendants, Count Three (age discrimination), Count Four (negligent hiring, retention and supervision), and Count Five (assault) as to Steen Electric and William Steen. The trial court denied Appellees' motion for summary judgment as to Count Two (intentional infliction of emotional distress) as to Theodore Goumas, and Count Five (assault) as to Robert Steen. Appellant's final two claims were set for trial. The trial court also granted summary judgment in Appellant's favor on the claims of frivolous conduct. The *Page 4 
trial court, however, did not grant summary judgment on Goumas' claim for defamation.
 {¶ 8} This Court reversed the trial court's grant of summary judgment on Appellant's claims of wrongful discharge through sexual harassment and intentional infliction of emotional distress as to the Steen defendants. While that appeal was pending, a jury trial was held on Appellant's claim of assault against Robert Steen and on her intentional infliction of emotional distress claim against Goumas. At the conclusion of that trial, the jury found for both defendants.
 {¶ 9} The trial court then proceeded with a jury trial on Appellant's claim of wrongful discharge due to a hostile work environment and her claim of intentional infliction of emotional distress as to the Steen defendants. The trial also included Goumas' claim for defamation. At the conclusion of the trial, Appellees moved for directed verdicts on each of Appellant's claims. The trial court granted a directed verdict on those claims. As a result, Appellant's remaining claims were dismissed. Goumas' claim for defamation was submitted to the jury, and the jury awarded him $70,490 for his defamation claim. Appellant moved for judgment notwithstanding the verdict, and that motion was denied by the trial court. Appellant has timely appealed the trial court's judgment, raising two assignments of error for review. *Page 5 
 II. {¶ 10} In both of her assignments of error, Appellant contends that the trial court erred in granting directed verdict on her claims and by denying her motion for judgment notwithstanding the verdict on Goumas' defamation claim. Accordingly, we first detail our standard of review.
 {¶ 11} Pursuant to Civ.R. 50(A)(4), a trial court is authorized to grant a directed verdict only when:
 "[A] fter construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
When ruling on a motion for a directed verdict, the court considers the sufficiency of the evidence. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119, reversed on other grounds (1999),85 Ohio St.3d 457.
 "When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence." Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68; see, also Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-85.
 {¶ 12} If the party opposing the motion for a directed verdict fails to present evidence on one or more of the essential elements of a claim, a directed verdict is *Page 6 
proper. Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695. However, where evidence is presented such that reasonable minds could come to differing conclusions, the court should deny the motion. Posin v. A.B.C.Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275. Under the "reasonable minds" portion of Civ.R. 50(A)(4), the court is only required to consider whether there exists any evidence of probative value in support of the elements of the non-moving party's claim. SeeColeman v. Excello-Textron Corp. (1989), 60 Ohio App.3d 32, 40;Ruta, 69 Ohio St.2d at 69. This Court applies the same standard when evaluating a motion for judgment notwithstanding the verdict. Rondy,Inc. v. Goodyear Tire Rubber Co., 9th Dist. No. 21608, 2004-Ohio-835, at ¶ 5.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON THE COUNTERCLAIM OF DEFENDANT THEODORE GOUMAS FOR DEFAMATION."
 {¶ 13} In her first assignment of error, Appellant asserts that the trial court erred in denying her motion for judgment notwithstanding the verdict on Goumas' claim for defamation. We disagree.
 {¶ 14} For Goumas to prevail on his claim of defamation, the evidence must establish (1) a false and defamatory statement concerning him, (2) publication of the statement, (3) fault, and (4) harm. Earl v.Nelson, 9th Dist. No. 04CA008622, 2006-Ohio-3341, at ¶ 24, citingWilliams v. Gannett Satellite *Page 7 Information Network, Inc., 1st Dist. No. C-040635, 2005-Ohio-4141, at ¶ 5. Where the complaint alleges defamation per se, damages are presumed. Williams at ¶ 7. In order to establish a claim of defamation per se, Goumas was required to show that the words used in Appellant's statements fell into one of three categories, the relevant category being "the imputation of a charge of an indictable offense involving moral turpitude or infamous punishment[.]" Id. at ¶ 8.
 {¶ 15} Prior to this trial, Appellant's claim for assault against Goumas was resolved by a jury trial which resulted in a verdict in favor of Goumas. As a result of that trial, the trial court held that issue preclusion prevented Appellant from arguing that Goumas had exposed his penis to her. On appeal, Appellant has not challenged that ruling by the trial court. Accordingly, we accept as true that Goumas did not expose himself to Appellant.
 {¶ 16} Moreover, the evidence is undisputed that Appellant told others that Goumas had exposed himself to her. While Appellant argues that her statements were privileged because they were made in legal pleadings, this ignores the remaining evidence. Appellant admitted during her testimony that she told friends that Goumas exposed himself. Both Robert Steen and Inez Cames, employees of Steen Electric, testified that Appellant told them that Goumas had exposed his penis to her. Accordingly, uncontroverted evidence before the trial court indicated that Appellant had published false statements about Goumas. *Page 8 
 {¶ 17} Moreover, the statements made by Appellant fit within the classic definition of defamation per se as they impute a crime to Goumas. R.C. 2907.09(A)(1) prohibits public indecency and provides as follows: "No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household: *** Expose the person's private parts[.]" Appellant's statements directly and falsely imputed this crime to Goumas. Furthermore, contrary to Appellant's assertions, it is irrelevant to our analysis that charges were not filed against Goumas based upon Appellant's statements. As noted above, the elements of defamation per se do not require charges to be filed.
 {¶ 18} Finally, as Goumas established that Appellant's statements were defamatory per se, damages are presumed. Additionally, on appeal, Appellant has not challenged the amount of the damages awarded to Goumas. Accordingly, the evidence presented in the trial court established that Appellant published false statements about Goumas which imputed the crime of public indecency. The trial court, therefore, did not err in denying Appellant's motion for judgment notwithstanding the verdict on Goumas' claim for defamation.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN DIRECTING A VERDICT AGAINST PLAINTIFF AND IN FAVOR OF DEFENDANTS STEEN ELECTRIC, INC., ROBERT STEEN AND WILLIAM *Page 9 
STEEN ON PLAINTIFF'S CLAIM FOR CONSTRUCTIVE DISCHARGE."
 {¶ 19} In her second assignment of error, Appellant asserts that the trial court erred in granting a directed verdict on her claim of wrongful termination. This Court agrees.
 {¶ 20} Initially, we note, as the trial court did, that it is unclear what type of claim Appellant alleged in her complaint. On appeal, Appellant argues that her claim was a "statutory constructive discharge claim." In her complaint, Appellant alleged that the Steen brothers were employers as defined in R.C. 4112.01(A)(2). Appellant then captioned her count as "Wrongful Termination of Employment." Moreover, within that count, Appellant averred that the Steen brothers maintained a hostile work environment which constituted "unlawful sexual harassment in the workplace in violation of law and Ohio public policy." Appellant's complaint, therefore, appears to have combined two separate claims: a claim under R.C. 4112.02 or R.C. 4112.99 for sexual harassmentand a claim for wrongful discharge in violation of public policy. However, this Court has previously "construe[d] her complaint within the context of R.C. Chapter 4112." Radcliff I at ¶ 16. Accordingly, the trial court was bound to construe the complaint in the same manner.
 {¶ 21} The type of claim raised by Appellant is of vital importance to our analysis. Contrary to the trial court's conclusion, at-will employment is not a requirement to filing suit under R.C. Chapter 4112. A thorough review of case *Page 10 
law indicates that the at-will requirement only arises in a claim for wrongful discharge based upon public policy. In contrast, all employees are protected by the anti-discrimination regulations contained in R.C. Chapter 4112. As such, the trial court incorrectly concluded that Appellant could not maintain this action due to her failure to prove and plead that she was an at-will employee.
 {¶ 22} As this Court previously determined that Appellant's complaint invoked R.C. Chapter 4112, we review the propriety of the trial court's directed verdict under that statutory scheme.
 {¶ 23} This Court previously determined that a genuine issue of fact existed regarding Appellant's claim. Radcliff I at ¶ 16-38. With respect to her initial burden of demonstrating an intentional discriminatory practice, this Court previously held that Appellant "presented evidence of a collaborative effort between the Steen brothers and Goumas to subject appellant to *** sexually explicit conduct and conversations soon before she was to have taken a leave of absence from Steen Electric." Id. at ¶ 22. This evidence was introduced at trial as well. In fact, Goumas admitted at trial that he had used a banana to simulate a penis and had discussed his prank with the Steen brothers prior to performing it. This Court went on to hold that:
 "[A] n employee's exposure to a penis, as well as another object used to simulate a penis, in the workplace, constitutes the type of harassment which would make an employee's resignation reasonably foreseeable. *Page 11 
 "This court finds that this may be especially true when that conduct is perpetrated by a nonemployee with the tacit consent of the employer. In addition, appellant has presented evidence to demonstrate that the working conditions were so intolerable as to compel a reasonable person to resign." Id. at ¶ 26-27.
 {¶ 24} This Court recognizes that the trial court herein established as a matter of law that Goumas did not expose himself to Appellant. As such, the facts presented herein differ slightly from when we reviewedRadcliffl. However, our directed verdict standard of review is nearly identical in nature to our summary judgment review. We must only determine whether there exists any evidence of probative value in support of the elements of the non-moving party's claim. As noted above, Appellant presented evidence of discriminatory intent. Moreover, this Court previously determined that Appellant had provided evidence on each of the prongs of her claim of a hostile work environment. SeeRadcliffl at ¶ 31-37. This same evidence was presented at trial through Appellant's testimony. Accordingly, the trial court had before it the same evidence that had been presented at the summary judgment stage of the proceedings. This Court determined that such evidence was sufficient to present to a jury. The trial court's directed verdict ignores that conclusion. The trial court, therefore, erred in directing a verdict on Appellant's claim. Appellant's second assignment of error is sustained. *Page 12 
 III. {¶ 25} Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 13 
Costs taxed equally to Emmilie Radcliff and the Steen defendants (Steen Electric, Inc., Robert Steen, and William Steen)
MOORE, P. J., DICKINSON, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1